### MRS. ALICE MABRY v. CITIZENS' LUMBER COMPANY.

Decided November 9, 1907.

**1.—Wife Abandoned by Husband—Homestead—Mechanic's Lien.**

A contract by a wife, who has been permanently abandoned by her husband for the erection of improvements on land, her separate property and her homestead, is valid, and the material-man's lien for such improvements will be enforced.

**2.—Abandonment—Evidence—General Reputation—Harmless Error.**

Where the fact of abandonment of a wife by her husband was otherwise proved by competent testimony, the admission of evidence of general reputation as to that fact, was harmless error.

**3.—Declarations of Wife—Estoppel.**

The wife no more than the husband is exempt from the usual consequences of declarations on the faith of which she obtains necessaries for herself.

**4.—Building Contract—Agreed Price—Special Issues—Practice.**

In a suit upon a contract to furnish a certain amount of lumber for a certain price, an issue as to the market value of the lumber was immaterial, and the evidence being undisputed that the lumber was furnished and delivered as per contract, the failure of the jury to find and state the reasonable value of said lumber in answer to a special issue submitted to them on that point, was unimportant, and the court properly rendered judgment on the other facts found by the jury. Justice Speer dissenting.

**5.—Special Issues—Practice—Cases Distinguished.**

Where a case is submitted to the jury upon special issues, the failure of a party to request the submission of a certain issue, or, where such issue is in fact submitted by the court, but upon failure of the jury to answer the same the court in effect withdraws the same from the jury, a failure to except to such action of the court, will preclude said party from complaining on appeal of the action of the court. Justice Speer dissenting.

Appeal from the District Court of Taylor County.   Tried below before Hon. J. H. Calhoun.

*Harry Tom King* and *D. G. Hill,* for appellant.—A contract entered into during the marital relation by either the husband or the wife, and not joined in by both, whereby a lien is attempted to be given against the homestead of the parties for materials to be furnished for improvements thereon, is null and void.   Constitution of Texas, 1876, art. 16; Speer on Married Women, 243; Kalamazoo Natl. Bank v. Johnson, 5 Texas Civ. App., 535, 245; Speer on Married Women, 124.

The declaration of a married woman, executing a contract as such for improvements on a homestead, in which her husband does not join, are not admissible to show that she had no husband at the time, or that he had abandoned her.   Thomson Bank v. Gregory, 82 S. W. Rep., 802; Temple v. Watkins Land Co., 81 S. W. Rep., 1188; Current Law, p. 1640.; Whitlock v. Gosson, 53 N. W. Rep., 981.

The verdict of the jury when the cause was submitted on special issues should dispose of all the issues made by the pleadings and the evidence, and if there are issues submitted that are not disposed of by the verdict it is incomplete, and a new trial should be granted.   Bradley's Texas Civil Trial and App. Procedure, 167-168; Michon v. Ayalla, 84 Texas, 685; May v. Taylor, 22 Texas, 348; Kerr v. Hutchins, 46 Texas, 384; Marsalis v. Patton, 83 Texas, 521; Dodd v. Gaines, 82 Texas, 429; Gulf, C. & S. F. Ry. Co. v. Hathaway, 75 Texas, 557.

Where an issue has been submitted to the jury by the court it is not within the court's province to make a finding on that issue.   Bradley, Texas Civil Trial and App. Procedure, 172; Moore v. Moore, 67 Texas, 293.

*Grogan & Scarborough,* for appellee.

CONNER, CHIEF JUSTICE.—This was a suit on a contract for the payment of nine hundred and fifty dollars for lumber and material to be furnished in the construction and erection of a house of ten rooms as a home for appellant on certain lots in the city of Abilene, Texas, claimed by her as her separate property, and to foreclose the lien provided for by the contract on said lots to secure the payment of said sum.   The contract was executed by appellant with all the formalities required by our constitution and laws for the creation of a valid lien on a homestead by a married woman, except that the husband did not join therein.   Appellant testified on the trial that the house had been built in accordance with the original plans and specifications that formed the basis of appellee's bid for furnishing the material, and that she had been occupying it ever since its completion as her homestead. However, she answered appellee's petition for recovery and for enforcement of said lien by exceptions and by a special plea of coverture and the nonjoinder of her husband in the execution of the contract, and also pleaded a payment of two hundred dollars.   Appellee answered these special pleas by supplemental petition to the effect that at the time of the making of the contract appellant had been abandoned by her husband, and that she, hence, was authorized to make the contract,

and that the payment pleaded was for extra material that had been furnished on appellant's order for the completion of the house. The case was submitted upon special issues, and the trial resulted in a judgment denying appellee's special plea for "extras," but awarding it judgment upon the contract, as declared upon, less the payment of two hundred dollars pleaded by appellant.

Appellant objected to the introduction of the contract in evidence on the ground that the husband had not joined in its execution. The jury found in answer to special issues that at the time appellant executed the instruments offered in evidence her husband had permanently abandoned her, but it is insisted under the fourth assignment that, regardless of the fact of abandonment, "a contract entered into during the marital relation, by either the husband or the wife, and not joined in by both, whereby a lien is attempted to be given against the homestead of the parties for materials to be furnished for improvements thereon, is null and void." It is well settled, we think, that the wife alone may convey her homestead situated upon her separate property in cases where the husband has abandoned her. See Hector v. Knox, 63 Texas, 613; Lacy v. Rollins, 74 Texas, 566; Speer on Married Women, secs. 31 and 105. In such cases the wife is treated by the decisions as having a power to convey her property equal to that of a feme sole, and it hence seems clear that section 50, article 16, of our Constitution, does not inhibit the conveyance or lien under consideration.

The evidence is undisputed that appellee delivered at least all of the material contracted for, and the court therefore did not err, as urged in the sixth assignment, in denying an examination of witnesses as to the character of the several items constituting the bill of lumber. Nor do we find material error in the refusal to exclude the answer of the witness Bledsoe that, "from general reputation and my own personal knowledge, I would answer that he (appellant's husband) has not been here since 1904." While there was testimony that appellant's husband had several times visited Abilene, it is undisputed that, during the period covered by the answer, he never visited nor spoke to her; that is, the fact of separation—absence one from the other—was otherwise conclusively established. General reputation of like effect, therefore, could not have been injurious. The declarations of appellant to Cook, at the time of the purchase of the lumber, and to McDavid and others, tending to show abandonment on the part of the husband, were all admissible in evidence on that issue, notwithstanding the fact that the marriage relation had not then been finally or legally severed, as was subsequently done. The wife, under the circumstances, no more than the husband, is exempt from the usual consequence of declarations on the faith of which she secures necessaries for herself. The decisions cited by the appellant to the effect that, when the husband or wife are in the actual possession of the homestead, their declarations that it is not their homestead will not defeat the homestead right, have no application here whatever. Moerlein v. Scottish M. & L. Inv. Co., 9 Texas Civ. App., 415; Equitable Mortgage Co. v. Norton, 71 Texas, 683; Thompson Sav. Bank v. Gregory, 59 S. W. Rep., 622.

Errors are also assigned which question the sufficiency of the evi-

dence to sustain the findings of the jury on the issue of abandonment, and to the action of the court in overruling the motion for new trial because of the failure of the jury to return a verdict on the sixth and seventh questions submitted to the jury. But as to these, we think it sufficient to say that, while conflicting, the evidence supports the jury's findings, and the failure to answer the sixth and seventh questions, which clearly relate to the issue of whether appellee was entitled to the two-hundred-dollar payment made by appellant for extra material, was rendered entirely harmless by the fact that the court, in his findings, resolved these questions in appellant's favor. Thus far we are all agreed. We have, however, been unable to agree as to the proper disposition of the twelfth assignment, which is as follows:

"The court erred in refusing defendant a new trial because of the failure of the jury to find the value of the lumber furnished, if any, to Mrs. Alice Mabry, the defendant, as is referred to in the defendant's first reason for a new trial in her motion therefor and as appears in the court's charge, issue No. 4, and answer thereto, both made a part hereof."

The question and answer referred to in the assignment is: "What was the reasonable value or price of lumber and building material that was procured by the defendant's authority and used in constructing said building on said defendant's lots at the time it was procured?" Answer: "We do not know."

Appellant's only proposition is: "Where a contract for a stipulated amount for material to be furnished for improvements to be made on a homestead is executed, party seeking to foreclose a lien thereby must show the amount of lumber furnished and its reasonable value."

The majority think the record fully meets the proposition, and that the assignment should be overruled. Appellant herself testified to the effect that she planned a ten-room house, and submitted the bill of lumber and material required (made out by her contractor) to the appellee lumber company and other lumbermen; that appellee agreed to furnish the lumber for nine hundred and fifty dollars, and that she executed the note and contract promising to pay that amount. She further testified to the effect that the house was completed in accord with the original plans and specifications, and that she had been living therein several weeks before any controversy arose, when the question arose as to the proper application of the two hundred dollars she had paid, she insisting that no more than nine hundred and fifty dollars' worth of lumber had been delivered to her, and that the two hundred dollars was to be credited on the note, while appellee's agent insisted that it had taken two hundred dollars' worth of lumber more than contracted for to finish the house. This was the sole controversy on the trial upon this branch of the case, and the evidence makes it absolutely sure, as indeed the court seems to have assumed in the question, that appellee delivered to the appellant the material contracted for. If so, the note and contract fixed the price to be paid, and it was utterly immaterial and incompetent to inquire into the market value of the lumber comprehended by the contract. We understand the rule to be that, when parties agree upon a specific price for articles of merchandise to be delivered, the value as fixed by the contract alone is the

measure of recovery upon delivery. The fourth question above quoted therefore submitted an immaterial issue—one not requested by appellant nor required of the court. We hence conclude that it was within the court's power, if not his duty, to withdraw the question, as, in effect, was done, and to receive the remaining answers to the material issues submitted. These conclusions are not believed to be in conflict with the cases of Ablowich v. Greenville National Bank, 95 Texas, 429, and Waller v. Liles, 96 Texas, 21. In each of these cases the verdict was treated as a finding against a material issue submitted, and it was held that the verdict, rather than the undisputed testimony, controlled. But here it affirmatively appears that there was no finding either for or against an immaterial issue, and the doctrine of the cases mentioned must be extended in order to be of avail to appellant, and this we are not inclined to do. In this connection it is to be remembered that appellant did not request the submission of the fourth question, nor except to the action of the court in effect withdrawing it, and that the Legislature, by express enactment, has declared that in cases submitted upon special issues "the failure to submit any issue shall not be deemed a ground for reversal of the judgment upon appeal or writ of error, unless its submission has been requested in writing by the party complaining of the judgment." To reverse the judgment before us on the ground discussed would be to regard form as of greater consequence than substance, to violate the evident purpose of the Act quoted, and to require appellee to suffer the delay and expense of another trial in order to do a useless thing—viz., to secure the finding of an immaterial fact indisputably established.

We conclude that all assignments should be overruled and the judgment affirmed.

*Affirmed.*

Writ of error refused.

SPEER, ASSOCIATE JUSTICE, *dissenting.*—Appellant's twelfth assignment, set out in the majority opinion, and her twenty-seventh assignment of error, complaining that the court erred in overruling her motion for a new trial because of the jury's failure to answer the fourth, sixth and seventh questions submitted to them, present a question as to the disposition of which I have been unable to agree with the majority opinion. Article 1331, Sayles' Texas Civil Statutes, reads: "The special verdict must find the facts established by the evidence, and not the evidence by which they are established; and it shall be the duty of the court, when it submits a case to the jury upon special issues, to submit all the issues made by the pleading. But the failure to submit any issue shall not be deemed a ground for reversal of the judgment upon appeal or a writ of error, unless its submission has been requested in writing by the party complaining of the judgment. Upon appeal or writ of error an issue not submitted, and not requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment; provided there be evidence to sustain such a finding." Prior to this Act, which was an Amendment in 1897, it was the rule that the special verdict must find all the material facts put in issue by the pleadings, and that the judgment could not be based

in part upon the special verdict and in part upon the court's conclusions of fact. Paschal v. Acklin, 27 Texas, 191; Moore v. Moore, 67 Texas, 294; Texas & Pac. Ry. Co. v. Watson, 13 Texas Civ. App., 557; Stephenson v. Chappell, 12 Texas Civ. App., 298. By the amendment it is still made the duty of the court, when it submits a case to the jury upon special issues, to submit all the issues made by the pleadings, and the court must, upon the answers to the issues thus submitted, unless the same be set aside and a new trial granted, render judgment for the party entitled thereto. Sayles' Texas Civil Statutes, art. 1333. It is further the rule of decision with us that the judgment can not ignore the finding of the jury even though the evidence be uncontradicted, and even though the finding be against the evidence and wholly unsupported by it. Ablowich v. Greenville National Bank, 95 Texas, 429; Waller v. Liles, 96 Texas, 21. In the case first cited the Supreme Court says: "When a jury has been demanded by either party, he is entitled to have every material issue made by the pleading and the evidence submitted to the jury, and the trial court can not enter a judgment upon a verdict which fails to pass upon any material issue submitted to the jury, unless it be in case of a special verdict, which is provided for by statute . . . It is not a question whether the pleading sufficiently set out the instrument, nor a question as to whether the evidence was sufficient to justify a finding in favor of the lien, for these are beyond dispute, but under the well-settled rules of this court the trial court has no power to enter judgment upon facts well pleaded and indisputably proved, unless the issue presented and proved has been found by the verdict in favor of the party for whom judgment is rendered." In the case last above cited, which was one of special verdict, the rule thus announced was reaffirmed in the following language. "It is deducible, from the ruling in that case, that the findings of the jury upon the issues made by the pleadings in a case, although against the undisputed evidence or without evidence to support them, can not be disregarded, but must constitute the only basis upon which any proper judgment can be rendered." The answer of the jury to the fourth interrogatory, saying "We do not know," is equivalent to a finding against the appellee, since the burden of proof upon this issue rested upon i (Ablowich v. Greenville National Bank, *supra;* Atchison, T. & S. F. Ry. Co. v. Swarts, 48 Pac. Rep., 953; Kalina v. Union Pac. Ry. Co., 76 Pac. Rep., 438; Archibald v. Long, 43 N. E. Rep., 439; Boyer v. Robertson, 43 N. E. Rep., 879), or at least amounts to a mistrial.

The issue of the amount or value of the lumber furnished to appellant under her contract—certainly a most material one—was made in the pleadings, her special answer denying that she received the full amount, and was therefore, under the statute above quoted, one proper to be submitted to the jury. It was submitted and never withdrawn, and there was therefore no necessity for appellant's requesting the same to be submitted, and the jury's answer to the same, whatever the state of the evidence, unless set aside, would constitute the basis of the court's judgment. The interrogatory as framed, although it may have embodied an idea erroneously held by appellant that the value of the lumber furnished must have been reasonable, nevertheless fairly pre-

sented to the jury the issue of whether or not appellee had complied with its contract to furnish the appellant lumber and building material to the amount of nine hundred and fifty dollars. The trial court evidently so intended it, since the controversy as to the excess in the bill of lumber furnished, amounting to two hundred dollars, was specifically submitted in the sixth and seventh interrogatories, and he himself, in his sixth "Additional Findings of the Court," finds that appellant received from appellee, under her contract note and mortgage, building material of the value of nine hundred and fifty dollars, upon which the judgment for appellee was based. It can not be said that the evidence makes it absolutely sure that appellee delivered to the appellant the material contracted for, even if that would affect the question, since there is in the evidence a controversy as to a credit for lumber returned, as to which the finding of the court appears to be against appellant.

So that it is my opinion the language of the statutes quoted, and the spirit of the decisions cited, require that the judgment in this case should be reversed, and the cause remanded for another trial.