HICKS v. MURPHY et al.

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1913. Rehearing Denied Jan. 7, 1914.)

1. APPEAL AND ERROR (§ 218*)—QUESTIONS REVIEWABLE—FAILURE TO SUBMIT ISSUES.

Under Rev. Civ. St. 1911, art. 1985, providing that the failure to submit any issue shall not be a ground for reversal, unless such submission has been requested by the party complaining, a party who permits the submission of a case on issues framed by the court, without requesting the submission of additional issues, may not complain because other issues were not submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1315–1321, 1323; Dec. Dig. § 218.*]

2. INJUNCTION (§ 241*)—DAMAGES FOR DELAY—JURISDICTION OF COURT.

Rev. Civ. St. 1911, art. 4667, providing that, on the dissolution of an injunction, the court, if satisfied that the injunction was obtained only for delay, may assess damages at a percentage on the amount released by the dissolution, confers on the trial court jurisdiction to determine whether an injunction dissolved on final hearing was sued out for delay.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 544–552; Dec. Dig. § 241.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**3. APPEAL AND ERROR (§ 242\*) — QUESTIONS REVIEWABLE — QUESTIONS NOT RAISED IN TRIAL COURT.**

Where the trial court made no ruling, the point is not reviewable on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1417–1425; Dec. Dig. § 242.\*]

**4. COSTS (§ 260\*)—APPEAL—DAMAGES FOR DELAY—STATUTORY PROVISIONS.**

Rev. Civ. 1911, art. 1627, authorizing the award of damages not exceeding a specified per cent. on the amount of the judgment affirmed, does not authorize the assessment of damages on the affirmance of a judgment dissolving an injunction restraining a sale under a deed of trust, because there was no judgment for any sum of money.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003; Dec. Dig. § 260.\*]

**5. COSTS (§ 260\*)—APPEAL—DAMAGES FOR DELAY—STATUTORY PROVISIONS.**

Rev. Civ. St. 1911, art. 1629, authorizing damages at 10 per cent. of the amount in dispute, where the party appealing was defendant and appealed for delay, does not authorize the court to award damages on an appeal by plaintiff from a judgment dissolving a temporary injunction obtained by him, though the appeal was taken for delay.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003; Dec. Dig. § 260.\*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by E. G. Hicks against J. E. Murphy and another. From a judgment for defendants, plaintiff appeals. Affirmed.

McFarland & Lewright, of San Antonio, for appellant. C. A. Davies and Geo. M. Clifton, both of San Antonio, for appellees.

MOURSUND, J. Appellant sought by this suit to restrain the sale by appellees of certain land under a power of sale given in a deed of trust. A temporary injunction was granted, which, upon answer being filed, was dissolved. An appeal was taken and decided adversely to appellant by this court (See 151 S. W. 845), and a writ of error denied by the Supreme Court prior to the trial upon the merits in the lower court. Reference is made to our former opinion for a statement of the allegations contained in the petition. An amended answer was filed prior to the trial upon the merits, but it is not necessary to state the allegations thereof. The trial resulted in a verdict for appellees upon the special issues submitted, upon which verdict judgment was entered refusing the injunction prayed for.

[1] Only two assignments of error are briefed. By one, complaint is made that a certain disputed issue was not submitted to the jury; by the other, that the court failed to submit all the disputed issues to the jury. The case was submitted upon special issues, and appellant, having permitted the case to go to the jury upon the issues framed by the court, without requesting that additional issues be submitted, cannot complain because

other issues were not submitted. Article 1985, Revised Statutes, 1911; Henyan v. Trevino, 137 S. W. 458; Hall v. Southland Immigration Co., 53 Tex. Civ. App. 592, 116 S. W. 834; Mabry v. Lumber Co., 47 Tex. Civ. App. 443, 105 S. W. 1156. The assignments are overruled.

Appellees ask that we render judgment in their favor for 10 per cent. upon the amounts for the payment of which they sought to sell the land under the deed of trust. They cite articles 4667, 1627, and 1629 (Statutes of 1911) in support of their plea for damages.

[2] Article 4667 confers upon the trial court jurisdiction to determine whether an injunction was sued out for delay. Carpenter v. First Nat'l Bank, 53 Tex. Civ. App. 23, 114 S. W. 905.

[3] No ruling was made by the trial court on the question, so there is none for us to review.

[4] Articles 1627 and 1629 authorize us to assess damages in certain cases.

Article 1627 authorizes damages to be included not exceeding 10 per cent. on the amount of the original judgment. In this case there was no judgment for any sum of money.

[5] Article 1629 authorizes damages in the sum of 10 per cent. on the amount in dispute, where the party appealing was defendant below, and appealed for delay. The appellant was not defendant below, nor was any money judgment sought to be procured against him. We think the appeal was taken for delay, but we are not authorized by any statute to impose a penalty in a case of this kind, even though the appeal be taken for delay. However, we do not wish to be understood as holding that the appeal and supersedeas bond had the effect of preventing appellees from proceeding with the sale of the land. Article 4644, Revised Statutes 1911; Williams v. Pouns, 48 Tex. 145; Ft. Worth Street Ry. Co. v. Rosedale Street Ry. Co., 68 Tex. 163, 7 S. W. 381; Electric Park Co. v. San Antonio Baseball Association, 155 S. W. 1189.

The judgment is affirmed.