### J. C. CUNNINGHAM AND ANOTHER v. ISAAC WHEATLY.

A plaintiff cannot dismiss his suit after the defendant has pleaded in reconvention, although the matter in reconvention may not be well pleaded.

A plea which is sufficient to admit evidence to establish the case it seeks to make out, cannot be disregarded or treated as a nullity until its legal sufficiency is questioned by exception.

Such a dismissal, at the instance of the plaintiff, is to be deemed a ruling adversely to the defendant, and a bill of exceptions is unnecessary.

Error from Fayette. Tried below before Hon. J. H. Bell.

Suit by Wheatly against Cunningham and Hontz on a joint and several promissory notes; the defendant, Cunningham, answered and set up matter in reconvention; Hontz not having answered, there was a judgment by default against him. The plaintiff then dismissed as to Cunningham, and took judgment final against Hontz, whereupon the defendant sued out a writ of error.

*J. W. Harris*, for appellants.

*S. S. Munger*, for appellee.

WHEELER, J. Repeated decisions of this Court have settled that the plaintiff cannot dismiss his suit after the defendant has pleaded in reconvention, and thus deprive the latter of the right to an adjudication on the merits of his plea. (Bradford v. Hamilton, 7 Tex. R. 55, and cases cited.) As to his plea in reconvention, the defendant is to be deemed the actor, and occupies the attitude of a plaintiff; and the dismission by the Court, at the instance of the adverse party, is

Cunningham v. Wheatly.

to be deemed a ruling adversely to the defendant, who thus, by his plea, is asking a recovery against the plaintiff. It is as though the plaintiff's suit was dismissed by the Court at the instance of the defendants. The ruling of the Court appears by the record, and a bill of exceptions was therefore unnecessary. The office of exceptions is to bring upon the record for revision that which would not otherwise appear.

The judgment is sought to be maintained on the ground that the matter in reconvention was not well pleaded. But there was no exception to the plea. The matter of it was properly pleadable in reconvention ; and if it had been excepted to as not having been pleaded with sufficient certainty and specialty, the objection might have been obviated by amendment. The plea was not a nullity ; although, if excepted to, it might have required amendment. It could not be disregarded or treated as a nullity by the Court, without exception to its sufficiency, and the opportunity being afforded to amend. It was sufficient to admit evidence to establish the truth of the case it sought to make out against the plaintiff, until its legal sufficiency was questioned by exceptions.

The ruling of the Court, therefore, in dismissing the defendant who had pleaded in reconvention was erroneous, for which the judgment is reversed and the cause remanded.

Reversed and remanded.