## A. B. DEAN v. A. M. CRENSHAW.

1. PRACTICE.—That a judgment was rendered in the court below upon an immaterial issue, where the record shows that it was correctly decided, will not be ground of reversal.
2. LIMITATION—TRUST.—See case where a decision below was erroneously rendered, upon the defense of limitation, and the judgment sustained, because of insufficiency of evidence establishing a trust which was sought to be enforced.
3. ESTOPPEL—LACHES.—See facts held sufficient as a defense against an action, good if brought promptly, and before intervening equities had attached.

APPEAL from Grimes. Tried below before the Hon. J. R. Burnett.

A. B. Dean, April 2d, 1873, brought suit against Anna M. Crenshaw, widow, and Willie and Elizabeth Crenshaw, minor children of W. L. Crenshaw, deceased, for a house and lot in the town of Navasosa.

The plaintiff charged, that in 1867 and 1868, he shipped to said W. L. Crenshaw large quantities of tobacco, on commission; that from time to time, said W. L. Crenshaw made reports of sales, which were false, and in 1868 represented that a large part of the tobacco had been stolen, and that he

had gone into bankruptcy; that, induced by said representations, plaintiff proved up his claim in bankruptcy, and received his *pro rata* in the distribution of the said W. L. Crenshaw's estate in bankruptcy; that the said representations were false; that the said tobacco had been traded for said town lot, and the deed taken in the name of defendant, Anna M. Crenshaw, which fraud had but recently been discovered.

Defendant Anna M. Crenshaw pleaded the proceedings in bankruptcy, as conclusive of the matters in controversy until the discharge of the bankrupt W. L. Crenshaw should be set aside, of which the United States court had exclusive jurisdiction; general denial; that the lot had been bought with her own separate means—a sum larger than that used having been furnished by her to her husband—and that she was informed by her husband that her funds had bought the lot, and she had made improvements on the lot at her own cost, to the amount of $1,000; that the claim of plaintiff had been presented by him in the bankrupt court, as against her husband's estate, and that plaintiff had participated in the bankruptcy proceedings and obtained his dividend, and was thereby estopped by said proceedings, and by the discharge, which was granted February 22, 1869; that in the bankruptcy proceedings the lot had been set apart as homestead, and upon her husband's death, it had also been set apart by the Probate Court as a homestead; and the statute of limitations.

Judgment was rendered for defendants, upon the statute of limitations, and the plaintiff appealed.

*Boone & Goodrich* cited Munson *v.* Hallowell, 26 Tex., 475; Ripley *v.* Withee, 27 Tex., 14; Smith *v.* Fly, 24 Tex., 352; Anding *v.* Perkins, 29 Tex., 348.

MOORE, ASSOCIATE JUSTICE.—Appellant's action was for the recovery of the house and lot described in his petition, and not upon his account for the tobacco consigned for sale by him to W. L. Crenshaw, deceased—the amended answer

alleging that more than two years had elapsed after the rendering of an account of sales of the tobacco before the bringing of the suit; consequently presented an altogether immaterial issue. If, therefore, the judgment of the court in favor of appellee could be supported upon no other ground than that upon which it was rendered, it should without question be held to be erroneous, and would have to be reversed.

. We think, however, on a full consideration of all the facts and circumstances connected with the transaction, as exhibited in the record, that the judgment of the court in favor of appellee, although not warranted by the defense upon which it was rendered, is nevertheless strictly correct, and properly disposes of the case.

It may be true, if appellant had brought suit within a reasonable time after the alleged purchase of the lot with the tobacco, or had shown that he could not have ascertained the ·facts at an earlier day if inquiry had been made, or any diligence whatever had been, used to do so; and before other equities had intervened; and the relative condition and situation of the parties whose interests are to be affected had materially changed; and the property had been greatly. improved and enhanced in value,—the evidence in the record might have .warranted a judgment in his favor. But even if such had been the case, it cannot be said, that it clearly appears that said W. L. Crenshaw had not accounted with and paid appellant for the tobacco which was given for the house and lot sued for, or that it was purchased with that part of the tobacco for which he was still in arrears when the balance .due appellant was finally struck. Nor is it shown that said Crenshaw was not authorized by appellant to dispose of the tobacco as he saw fit, upon charging himself with the price for which he was to sell it. Aside, however, from these suggestions, we are of opinion, that appellant's neglect to inquire into the disposition made of the tobacco by W. L. Crenshaw; his delay in ascertaining his right to the house and lot, if there was a resulting trust in his favor, as he now

insists; the adjustment of his account; his agreement to and subsequent acceptance from Crenshaw of his personal obligation for the balance unpaid after receiving a *pro rata* share of Crenshaw's estate, when distributed among the creditors by the bankrupt court; in connection with the fact that said Crenshaw had the control of more than the amount at which the house and lot was valued when purchased, of the money of the separate estate of appellee, with which he had promised to purchase her a home, and with which she testifies that she supposed this house and lot had been purchased, and for which it would seem she might have presented a claim against the estate of her husband in bankruptcy, with the other facts apparent in the record, to which we need make no special reference,—preclude appellant from any equitable right to receive from appellee this property, which, if not actually conveyed to her as her separate estate, in payment of a just claim for more than its full value, was undoubtedly, with appellant's knowledge and acquiescence, set apart to Crenshaw as a homestead by the bankrupt court, and after his death was subject to be set aside by the Probate Court, in like manner, to appellee.

In view of all the circumstances of the case, when taken most favorably for appellant, it cannot be said that his equities are stronger than those of appellee, while she holds the apparent legal title. This unquestionably turns the scale in her favor.

The judgment is affirmed.

AFFIRMED.