LYDIA C. SWIFT V. JOHN L. TROTTI ET AL.

1. APPEAL—PRACTICE.—Judgment was rendered in the District Court June 19, 1877, and the court adjourned for the term on that day. In the transcript sent up on writ of error was incorporated a bill of exceptions not dated, but marked "filed June 20, 1877," and a statement of facts certified to by the judge who tried the cause, on December 15, 1877, and filed that day. The certificate of the judge stated the failure of counsel to agree on a statement of facts, but did not state an agreement that it might be made after the term: *Held,* That the statement of facts constituted no part of the record under the statute in force at the time. *Quære:* Whether the bill of exceptions was subject to the same objection?

2. AUTHENTICATION OF CLAIMS AGAINST ESTATES.—In March, 1874, the district clerk was an officer before whom a claim against an estate could have been authenticated.

3. JUDGMENT.—If a judgment of the District Court be correct, its validity cannot be affected by the fact that the presiding judge gave a wrong reason for it.

4. LIMITATION — ESTATES OF DECEDENTS. — An account having its origin in 1861 was barred by limitation in 1874, without reference to the date of the debtor's death or the grant of letters on his estate. If the account was for money loaned, payable on demand, limitation began as soon as the period during which limitation was suspended had expired.

ERROR from Newton. Tried below before the Hon. H. C. Pedigo.

Suit by Lydia C. Swift against John L. Trotti and others, as administrators of the estate of George Swift, deceased, instituted March 4, 1874, on an account for $530.66, alleged by

plaintiff to have been "loaned" by her to said decedent May 18, 1861, in his life-time, and $731.42¾ interest, alleged by plaintiff to have accrued thereon, which account plaintiff averred that she presented, duly authenticated, to the defendant, as administrator, &c., March 2, 1874, for allowance; that he rejected the same, and that the account remained unpaid.

July 30, 1874, defendants answered by general and special exceptions and general denial.

June 20, 1876, defendants pleaded the statute of limitations to the original and amended petitions.

December 15, 1876, plaintiff again amended, and based her claim on a letter or writing of decedent, but failed to aver that the letter or writing was presented to the administrator for allowance.

December 20, 1876, defendants answered by general and special exceptions, general denial, and plea of statute of limitation.

June 19, 1877, the parties waived a jury and submitted the cause to the court. The court overruled the exceptions of defendants to plaintiff's pleadings, and gave judgment for defendants against plaintiff, that she "take nothing by her suit, and that the defendants go hence without day," and for the costs of the suit.

June 19, 1877, plaintiff filed her motion for a new trial, which was, the same day, by the court overruled. She gave notice of appeal, but having failed to perfect it, prosecutes writ of error.

*John T. Starke,* for plaintiff in error.—It is difficult to see on what ground the decision of the lower court was made. The account is fully proven; the plea of limitation pleaded by defendants was overruled, and the only ground on which the judgment was rendered was that the claim was not properly authenticated, and this was not supported by the authorities. In Hansell v. Gregg, 7 Tex., 228, the court say: "The affidavit affords no proof; its only effect is to render it optional

with the administrator to allow or reject the claim. It is for the benefit of the administrator, but is not conclusive for him if he accept the claim, and if he reject it, it becomes wholly useless to the creditor; it affords no evidence, as the demand still has to be proved." (Coles *v.* Portis, 18 Tex., 157.) "The affidavit made before a justice of the peace is sufficient." (Crosby *v.* McWillie, 11 Tex., 97; Porter *v.* Miller, 7 Tex., 468; Alford *v.* Cochrane, 7 Tex., 488.)

As to the precise words to be used, in Crosby *v.* McWillie, 11 Tex., 96, the court say: "As words are used to convey ideas, so when those ideas are conveyed in the affidavit of authentication, the affidavit would be good under the statute, although couched in different language from that used in the statute."

As to the person by whom the affidavit is made, in Keese's Executors *v.* Beckwith, 32 Tex., 736, and in Alford *v.* Cochrane, 7 Tex., 488, the court say: "If the administrator would object to the person who made the affidavit, he must make that the ground of his objection; and if the administrator gives no reason for rejecting the claim, he cannot afterwards urge the want of authority in the attorney to make the affidavit. Unless the objection be made at the time, it comes too late."

By the act of January 11, 1856, the affidavit may be made by an agent or attorney. (Paschal's Dig., art. 35.) The affidavit in this case was made by the attorney at law and in fact, and was in the form laid down by Mr. Sayles.

*Lipscomb Norvell*, for defendants in error.

I. The second assignment of error is as follows, viz.: "The court erred in this: that after overruling the demurrers, pleas, and exceptions filed in this cause by defendants, and the parties proceeding to trial, on the account being read in evidence defendants' counsel again raised the question, by oral exception, as to the sufficiency of the affidavit to the account sued on, because the same was made before the district clerk of Newton county, although it was shown at the time the affi-

davit was made the district clerk was county clerk and clerk of probate, and the affidavit and account to be used in Newton county; which exception was by the court sustained."

If the record showed that the ruling complained of was made, it would not be erroneous. The account was an allegation to be proved, not evidence.

II. The second assignment of error points out no error apparent upon the record.

III. There being no statement of facts in the record, the ruling of the court below on the motion for a new trial will not be revised. (Keef v. The State, 44 Tex., 582; Augustine v. The State, 20 Tex., 450; Land v. Miller, 7 Tex., 463, Fulgham v. Bendy, 23 Tex., 65; Campbell v. Skidmore, 1 Tex., 475.)

IV. In the absence of a statement of facts, it is presumed that the judgment of the court below was in accordance with and sustained by the evidence. (Jones v. Black, 1 Tex., 527; Davis v. Turner, 26 Tex., 98; Johnson v. Blount, 48 Tex., 38; Milburn v. Walker, 11 Tex., 330; Henderson v. Trimble, 8 Tex., 174; Anding v. Perkins, 29 Tex., 348; Roberts v. Heffner, 19 Tex., 131; St. Clair v. McGehee, 22 Tex., 5.)

GOULD, ASSOCIATE JUSTICE.—This suit was commenced on March 4, 1874, to establish a claim against the estate of George Swift, authenticated before the clerk of the District Court of Newton county on March 2, 1874, and on the same day rejected by the administrator. The claim as presented was made an exhibit to the petition, and was in the form of an account for cash loaned on May 18, 1861,—$530.66, with interest at ten per cent. to date of presentation.

The petition alleged the loan at the date stated in the account, and alleged the promise of the intestate to pay on demand. An amended petition was filed on December 15, 1876, alleging the written promise of the intestate, George Swift, by letter dated May 18, 1861, to pay ten per cent. interest so long as he had the use of the money, and averring that

no time of payment was specified; but it was not alleged that the written promise had ever been authenticated, presented, or rejected.

The defense of limitation to the claim as presented was set up by exceptions and by answer, and the amended petition was excepted to specially that it did not allege that the claim therein referred to was authenticated and presented for allowance.

The court overruled the exceptions to the plaintiff's pleadings, but, the cause being tried without a jury, after hearing the evidence, gave judgment in favor of the defendant. The plaintiff brings the case here by writ of error.

The judgment was rendered on June 19, 1877, and the record shows that the term of court ended on that day. In the transcript we find a bill of exceptions not dated, but marked "filed June 20, 1877," and a statement of facts certified to by the district judge on December 15, 1877, and filed on that day. The judge's certificate states that counsel failed to agree, but it does not appear in the certificate or elsewhere that the statement of facts was made out after the term, by consent. On the contrary, counsel for appellee object in this court that the statement of facts, having been certified to after the term, constitutes no part of the record. Our opinion is, that the objection is well taken. Under the provisions of the Revised Code, the court may, by an order made during the term and entered of record, authorize the statement of facts to be made up and signed and filed in vacation, at any time not exceeding ten days after the adjournment of the term. (Rev. Code, art. 1379.) But the statute in force at the time of the trial requires the statement of facts to be made out during the term, and if an exception has been admitted by the decisions of this court where the parties have agreed of record that it may be done in vacation, there is no authority for extending the exception to a case like the present, where there is no evidence of consent.

It is questionable whether the bill of exceptions be not sub-

ject to the same objection — that it was not filed during the term. We have, however, not found it necessary to pass upon that question; for our opinion is, that the bill of exceptions shows no error fatal to the judgment.

The exclusion of a letter of the administratrix acknowledging the justness of the claim is stated in the bill of exceptions, but the letter itself, though referred to as being set out, does not appear, nor is it made to appear that the letter was in any way admissible evidence. The bill of exceptions recites that "the plaintiff offered in evidence the claim here sued on, which was read. Defendants argued their oral special exceptions to the same, and to the manner of the authentication, because the affidavit to the same was made before the district clerk; whereupon the court" (sustained) "the exceptions; to which ruling the plaintiff excepts."

It does not appear from this bill of exceptions that the court excluded the claim or its authentication, or made any other ruling of which appellant can complain. The court seems to have held — and we think erroneously — that in March, 1874, a district clerk was not an officer before whom a claim could be authenticated. At that time the District Court had jurisdiction of administrations and estates, and the clerk of the District Court being empowered to perform all the duties theretofore performed by county clerks, was an officer "having a seal of office and generally authorized to administer oaths." (Paschal's Dig., art. 5898; Const. of 1869–'70, art. 5, sec. 9; Gen. Laws 13th Leg., sec. 12, p. 113.)

But this erroneous opinion of the court will not justify the reversal of a judgment which is manifestly correct. The plaintiff's pleadings and exhibits show that the account sued on was barred by limitation, and fails to show that the written promise set out in the amended petition was authenticated or presented for allowance, and we think it clear that no other judgment than one in favor of the defendant could have been rendered. (Jones v. Underwood, 11 Tex., 118.)

If the conclusion reached be right, it is not material that

the court may have given a wrong reason. (Dean *v.* Crenshaw, 47 Tex., 10.) Under the general law of limitation, it is clear that an account created in 1861 was barred in 1874, no matter what the date of the debtor's death or of the grant of letters on his estate. If the account was, as alleged in the petition, for money loaned, payable on demand, limitation commenced as soon as the period during which limitation was suspended had expired. (Cook *v.* Cook, 19 Tex., 434.)

The bill of exceptions, if considered, discloses no error which, in the absence of a statement of facts, appears to have operated any injury to appellant. The judgment is accordingly affirmed.

AFFIRMED.

[Opinion delivered February 5, 1880.]