### J. W. MARSHALL v. CHARLES SHUEBER & CO.

#### (No. 5272.)

APPEAL from Grayson County. Opinion by WILL-SON, J.

C. N. BUCKNER, counsel for appellant.

CAPPS & CANTEY and BRYANT & DILLARD, counsel for appellees.

§ 370. *Injunction improvidently granted; judgment entries construed; reconvention not affected by dismissal of plaintiff's suit; case stated.* Appellees instituted suit against appellant in the county court of Grayson county to recover a debt, and sued out a writ of attachment, which was levied upon appellant's property. He pleaded in reconvention, claiming damages for the wrongful and malicious suing out and levying of said writ. When the cause was called for trial, appellees failing to appear and prosecute their suit, it was dismissed. Appellant then dismissed his plea in reconvention as to the sureties on appellees' attachment bond. Appellant's plea in reconvention as to appellees was then tried, and he recovered judgment thereon for $500 and costs. All these proceedings took place on the same day, but were extended separately upon the minutes. An execution was issued upon said judgment directed to the sheriff of Tarrant county. Appellees applied to the county judge of Tarrant county for an injunction to restrain the enforcement of said execution and judgment. Said judge granted the writ and made it returnable before the county court of Grayson county, where, upon a hearing, the injunction was perpetuated, and this appeal is prosecuted

from said last-named judgment. *Held:* It seems that the injunction was granted and perpetuated upon the ground that the judgment upon the plea in reconvention was void, inasmuch as the cause had been previously finally disposed of by the judgment dismissing the suit. This view we hold to be erroneous. The three several entries upon the minutes are to be considered together, and as constituting in legal effect but one final judgment. They were made on the same day, and there is nothing to indicate that they were intended to represent separate and distinct judgments; but it is plain from the entries themselves that said proceedings were had at the same time, and are but parts of one final judgment in the cause. Instead of following the usual form, and embracing in one entry all the proceedings had on the trial, the clerk saw proper to enter the proceedings separately, when in legal contemplation and effect they constituted but one final judgment, and should have been so entered. This, at most, was a mere irregularity, and did not render the judgment void or even voidable. The dismissal of the suit of appellees for want of prosecution was equivalent to a voluntary dismissal by them, and did not in any way affect the right of appellant to recover on his plea in reconvention. [1 App. C. C. § 679; Bradford v. Hamilton, 7 Tex. 55; Cunningham v. Wheatley, 21 Tex. 184; R. S. arts. 650, 1260.] The petition for injunction shows no ground entitling appellees to equitable relief. Its allegations are general, specifying no facts of which equity will take cognizance. If the judgment sought to be enjoined was illegal, unjust or in any respect erroneous, adequate legal remedies existed for having it revised. These remedies were not invoked, and no reason is shown why they were not invoked. The injunction was improvidently granted, and it was error to perpetuate it. The judgment is reversed and the suit is dismissed.

April 25, 1888.         Reversed and dismissed.