### THE HALL & BROWN WOOD WORKING MACHINE COMPANY v. W. H. BROWN.

#### No. 3088.

**1. Conditional Sales.**—The facts pleaded show an agreement on the part of appellant to sell machinery to the defendant in the attachment suit for a cash consideration of $200 and two notes for $300 each, and that the sale was subject to a trial of the machinery by the purchaser. The machinery when levied on was in possession of the defendant in attachment, which had not tested it nor made the cash payment. *Held*, that the title to the machinery had not passed, and that the possession was but a bailment. These facts presented a legal title in the seller, as an issue upon the trial of the right of property in the machinery when levied upon as the property of the defendant in attachment.

**2. Agreement to Sell.**—Shipment of machinery to a purchaser, it to test the machinery, and if satisfactory to pay cash $200 and execute two notes of $300 each; refusal of the purchaser to test it and failure to pay the cash payment show but a contract to sell, not an executed contract of sale, although the property had reached the purchaser.

**3. Same — Statute Construed.** — Such transaction does not come within article 3190a, Sayles' Civil Statutes, with reference to the reservation of title to or property in chattels as security for the purchase money thereof.

**4. Clerical Error.**—A clerical error in pleading which is corrected elsewhere is immaterial. See example.

APPEAL from Upshur. Tried below before Hon. FELIX J. McCORD.

*Talbot & Turner* and *Williams & Evans,* for appellant.—1. The contract to sell subject to trial and approval by the purchaser did not constitute a sale until the purchaser tried and approved and accepted said property, or did some act that would constitute an implied acceptance. The purchaser having refused to unpack the goods, and having refused to try, approve, or accept the same, was an express refusal on his part to consummate a sale; and the title to the property never passed for any purpose, but remained in the vendors (appellant). Benj. on Sales, 2 Am. ed., sec. 595; Lang v. Rickmers, 70 Texas, 109; Rohrbough v. Leopold, 68 Texas, 259.

2. In order for a sale to be avoided by reason of false representations by the buyer of his solvency, it must appear that the seller was deceived thereby, and that such representations entered into the contract and influenced the seller to part with the possession of his goods. Benj. on Sales (1888), Bennett's ed., sec. 429.

3. The representations must be as to material facts; and statements which involve matters of opinion and estimates of worth will not avoid a sale. Benj. on Sales (1888), Bennett's Am. Notes, pp. 442, 443.

*N. W. Finley* and *Cone Johnson*, for appellee.—1. All reservations of the title to or property in chattels, as security for the payment of purchase money thereof, are chattel mortgages; and when possession has been delivered must be in writing and be recorded in the county clerk's office in order to affect creditors and subsequent purchasers. Acts 19th Leg., chap. 78, p. 76.

2. A sale of chattels "upon trial" is complete as to the seller when he has done everything required of him by the terms of the sale and has delivered possession of the property. The privilege of an examination and trial of the property by the purchaser inures to his benefit alone, and his failure to examine, try, and approve the property does .not of itself rescind the sale. For if the property is delivered in compliance with the terms of the sale the seller may insist on the sale and have his action for the contract price, if the purchaser refuses to examine and approve the property. Wells v. Littlefield, 59 Texas, 556; 2 Ct. App. C. C., sec. 501.

GARRETT, PRESIDING JUDGE, *Section B.*—This was a suit of trial of the right of property. Appellant claimed, under the statute regulating the proceeding, certain machinery attached at the suit of appellee as the property of the East and West Texas Lumber Company. After it had filed its claimant's affidavit and bond they were returned to the District Court of Upshur County for trial of the issues to be made under the direction of the court. The case was entered on the docket with appellee as plaintiff and the appellant as defendant.

General and special demurrers to the appellant's tender of issues were sustained by the court January 19, 1890, and appellant declining to amend judgment was rendered against it and the sureties on its claim bond. Appellant has brought the case here for revision of the judgment of the court below upon errors assigned in the sustaining of the demurrers.

In its tender of issues the appellant alleged: "That it was agreed and understood by and between it and said East and West Texas Lumber Company, at the time of said agreement to sell said property, that the same was to be sold and shipped subject to the approval of said purchaser, and the purchaser should first try and approve the machinery and supplies therefor before the sale should be complete. Should · said machinery prove to be satisfactory to the purchaser after trial of the same, the said purchaser agreed to pay defendant for said flooring machinery $200 cash, and to execute and deliver notes," etc.; and that defendant shipped said machinery to the purchaser in pursuance of

said contract to sell, and the same "was duly received by said purchaser on or about the 15th day of May, 1888, at Gilmer, Texas; and that the same was never unpacked by said purchaser, and was never tried by it, but on the contrary said purchaser positively refused to approve and accept said machinery; and positively refused to comply with the terms of the contract by paying cash for said supplies and making cash payment on said machinery and executing notes for the balance, as it agreed to do."

It also further alleged: "That at the time it agreed to sell said machinery and supplies to said East and West Texas Lumber Company as aforesaid, said purchaser represented to it that it had a capital stock of $50,000, and that it was solvent, when in truth and in fact it did not have a capital stock of $50,000, and it was then wholly insolvent. *Defendant* then and there knew that each of these representations was wholly false, and it made the same to defendant for the purpose of defrauding it, and for the purpose of inducing defendant to enter into and make said agreement to sell said machinery and supplies to it, and for the purpose of getting possession of said machinery and supplies, and to convert them to its own use and not pay defendant therefor. Defendant avers that it believed said representation to be true, and the same influenced and caused it to make said agreement to sell as aforesaid. Wherefore defendant avers that it entered into and made said agreement to sell through the fraud and deception of the said East and West Texas Lumber Company, and the same was procured through the fraud of said purchaser, and is not valid in law," etc.

Appellee excepted to the tender of issues made by appellant, first, by general demurrer, and for the reason that it appeared that at the time of the levy of the writs of attachment the property claimed was the property of the East and West Texas Lumber Company, and in its possession and subject to the levies; that said sale was for credit and the said property had been delivered to the lumber company, and the failure of said lumber company afterward to pay for the same or to comply with its promises did not and could not under the laws of this State act as a reservation of the title thereto in the defendants, and that the said lumber company had done everything that was a condition precedent to make the sale complete; that it was simply a sale upon time; that it failed to show that the allegations as to fraudulent representations made by the said lumber company entered into said contract of sale, which shows on its face that the defendant could have known and did know of the financial condition of said company and of the amount and condition of its capital stock, the said lumber company being a corporation; and because plaintiffs are not chargeable with said fraudulent representations.

We must look to the allegations in the tender of issues in order to determine the sufficiency of facts to support the contention of the ap-

pellant that the agreement for the sale of the machinery to the East and West Texas Lumber Company was not a complete sale; and that it was induced by the fraudulent representations of the said Lumber Company as to its solvency.

The transaction does not come within article 3190a of the Revised Statutes (Sayles' Civ. Stats.) with reference to the reservation of title to or property in chattels as security for the purchase money thereof. The facts pleaded show an agreement on the part of the appellant to sell the machinery to the East and West Texas Lumber Company for a cash consideration of $200 and two notes for $300 each, payable in six and nine months; and that the sale was subject to a trial of the machinery by the lumber company.

Here are two elements of the agreement to sell which make the sale incomplete. First, the trial of the machinery, which is to prove satisfactory to the purchaser before it is a sale. The title is not in the purchaser; he has a bailment of the machinery for trial first and purchase afterward. Although the condition may be for the benefit of the purchaser, yet the title remained in the seller, and the goods were not subject to appellee's attachment. Benj. on Sales, sec. 595; Mowbray v. Cody, 40 Iowa, 604. The Iowa statute is similar to our Revised Statutes, article 3190a. In the second place, if the machinery should prove satisfactory, the purchaser in order to complete the sale must pay $200 of the price in cash and execute notes for the balance. Unless it should appear that this condition had been waived the sale would not be complete, notwithstanding the fact that the purchaser had been intrusted with the possession of the machinery. Lang v. Rickmers, 70 Texas, 109. In this case the East and West Texas Lumber Company, if the machinery should prove satisfactory on trial, agreed to pay a part of the purchase money in cash and the balance in notes. Such payment is a condition precedent to the sale, and the title to the machinery would not vest, unless the payment is made or waived. Benj. on Sales (1881), sec. 320, note d, p. 288. This condition is not waived if it appears that it was the understanding of the parties at the time of the delivery that it was not, though there was no express declaration to that effect at the time. Id., p. 289.

If the possession of the machinery was obtained by the fraudulent misrepresentation of the East and West Texas Lumber Company as to its solvency, as alleged by the appellant in its tender of issues, then the appellant would have the right to rescind the agreement to sell and recover the property; and the appellees would not be protected as innocent purchasers for a valuable consideration. Rohrbough v. Leopold, 68 Texas, 259.

We think that the facts alleged, if true—and they must be taken as true—entitle the appellant to a rescission of the contract. The allegation, "*defendant* then and there knew that each of these allegations

was wholly false," etc., is clearly a clerical error, induced by the fact that the lumber company was the defendant in the original attachment suit. It is easily corrected by the pleadings as a whole.

We think that the court below erred in sustaining the demurrers to the tender of issues, and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*