F. H. CARPENTER ET AL. v. FIRST NATIONAL BANK OF SOUR LAKE.

Decided December 18, 1908.

**1.—Injunction—Damages—Attorney's Fee and Expenses.**

Attorneys' fees and expenses, not taxable as costs, incurred in defending an injunction suit, are not recoverable as damages upon the dissolution of the injunction, by cross-action against the principal and sureties in the injunction bond either in the injunction suit, or by suit subsequently brought upon the bond.  And the fact that the attorneys' fees and expenses sued for

were not incurred in the suit in which the bond was given, but in a second suit for injunction brought by the same parties upon the same ground after the first injunction had been dissolved, cannot affect the question.

**2.—Same—Injunction Bond—Condition Construed.**

The condition in an injunction bond—that the principals in the bond would abide the decision made in the suit in which the bond was executed—cannot be construed as an obligation on the part of the principals not to pursue any further legal remedy which they might believe they had to prevent the threatened wrong; and they were only bound by said bond to pay the defendant such damages as might have been awarded against them in that suit, and which were caused the defendant by the prosecution of that suit.

**3.—Same—Statutory Damages—Statute Construed.**

The claim for statutory damages, provided for by article 3010, Rev. Stats., upon dissolution of an injunction, can be adjudicated only by the court dissolving the injunction.

Appeal from the County Court of Hardin County. Tried below before Hon. H. N. Vickers.

*C. W. Nugent,* for appellants.—The trial court erred to the manifest prejudice of defendants herein in rendering a final judgment for plaintiff against the defendants herein in the aggregate sum of six hundred and twenty-five dollars, because this being a suit for the recovery of statutory penalties alleged to have arisen upon the dissolution of an injunction, said judgment as a whole is predicated upon a basis which in law can not constitute a ground for recovery in this cause. Article 3010, Sayles' Statutes; Pierpont & Tuttle v. Hassee, 1 W. W., sec. 1298; Texas & N. O. Ry. Co. v. White, 57 Texas, 129-132; Jones v. Rosendale St. Ry. Co., 12 S. W., 998; Galveston, H. & S. A. Ry. Co. v. Ware, 11 S. W., 918; Brown, Admr., v. Tyler, 34 Texas, 172; Smith v. Frederick, 32 Texas, 256; Bank v. Land & Immigration Co., 37 S. W., 445.

The trial court erred to the manifest prejudice of defendants in rendering judgment for plaintiff against these defendants in this cause for the reason that it is apparent from the face of the record herein that all matters in controversy have been heretofore fully adjudicated, and that, therefore, defendants' plea of res adjudicata should have been sustained and judgment thereupon should have been rendered for defendants that the plaintiff take nothing. Bridges v. Wilson, 2 Willson, sec. 625; Pitts v. Reynolds, Admr., 1 Texas, 604; Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 11; Foster v. Wells, 4 Texas, 101; Hatch v. Garze, 22 Texas, 188.

*Dies, Singleton & Dies,* for appellee.—The defendant in an injunction suit may reconvene in the original suit; or at his election may bring a separate suit on the bond and recover, to the extent of the bond, all damages to which he may show himself entitled. Appleton v. Draughan, 32 S. W., 46; Avery v. Stewart, 60 Texas, 154; Texas & N. O. Ry. v. White, 57 Texas, 129.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellee against the appellants, H. J. Carpenter and Alma M. Carpenter, as

principals, and J. M. Carpenter, Joseph Mobray and Steve Jackson, as sureties, upon an injunction bond executed by said appellants in a suit for injunction brought by F. H. and Alma M. Carpenter to restrain the sale of land under an execution issued upon a judgment for $2500 obtained against them by appellee in the District Court of Hardin County.

The cause of action alleged by plaintiff is, in substance, that the injunction issued in the suit in which the bond sued on was filed was dissolved upon final hearing, and that appellants, F. H. and Alma M. Carpenter, in violation of the obligations of said bond, did not abide the result of said decision, but, without appealing therefrom, thereafter brought suit in the District Court of Jefferson County for an injunction to restrain the sale of the land involved in said first suit, under a second execution issued upon said original judgment; that said second suit for injunction was decided against appellants in the District Court and was appealed by them to the Court of Civil Appeals, which court affirmed the judgment of the District Court; that the bringing of said second suit for injunction greatly damaged plaintiff in that it caused it to expend the sum of $350 in the payment of attorney's fees to the attorneys employed to defend said suit, and the further sum of $50, expenses incurred in attending court in Jefferson County on the trial of said suit. Plaintiff further alleged that said suit for injunction, in which the bond sued on was executed, was brought by said appellants for the purpose of delaying the collection of its judgment against them, which judgment was for the sum of $2500, and therefore defendants were liable to it for statutory damages of ten percent upon the amount of said judgment, for which sum, $250, judgment was also asked.

The defendants answered by general and special exceptions and general denial, and further pleaded as follows:

"And further answering herein these defendants say that plaintiff ought not to have and maintain its suit herein against these defendants, nor either of them, for the reason that all of the matters and things involved in this suit were involved in a certain suit heretofore had in District Court in Hardin County, Texas, in cause No. 1375, styled Mrs. Alma M. Carpenter et al. v. The First National Bank of Sour Lake; that all of the issues involved in this cause were subjects of adjudication in said cause in the said District Court; that the said District Court then had jurisdiction of all of said issues; and that the judgment of said District Court in said cause No. 1375 was conclusive of all of the issues, if any, now involved in this cause, and these defendants here now specially interpose the plea of *res judicata* in bar of plaintiff's pretended cause of action herein."

The cause was tried by the court without a jury and judgment rendered in favor of plaintiff for $250 statutory damages, $350 for attorney's fees paid by plaintiff in defending the second suit for injunction and $25 expenses of attending court in Jefferson County on the trial of said suit.

The case was tried upon an agreed statement of facts which is as follows:

"It is agreed by the parties to this suit that the bond set out in

plaintiff's second amended original petition is the bond which was executed by the defendants in this suit and filed in suit No. 1375 in the District Court of Hardin County, Texas, on the 30th day of September, 1905; that said suit No. 1375 in the District Court of Hardin County was a suit by Alma M. Carpenter joined by her husband, F. H. Carpenter, brought against Ras Landry, sheriff of Jefferson County, First National Bank of Sour Lake and Geo. W. Armstrong, president of said bank, to restrain them from selling certain property in Jefferson County, claimed by said Alma M. Carpenter to be her separate property; that said execution so restrained was issued out of the District Court of Hardin County on a valid judgment rendered in said court on the 20th day of April, 1905, in cause No. 1276, entitled First National Bank of Sour Lake v. F. H. Carpenter; that said judgment was against said F. H. Carpenter, who is and was the husband of Alma M. Carpenter, and that at the time of the institution of said injunction suit, to wit: cause No. 1375, there was due and unsatisfied on said judgment in cause No. 1276 the full sum of $2500.

"That on the 19th day of October, 1905, said injunction suit No. 1375 was heard in the District Court of Hardin County on demurrers interposed by the defendants in that suit and the injunction theretofore issued was dissolved and plaintiff's suit was dismissed. From this judgment no appeal was prosecuted and no motion for new trial made. That in said cause No. 1375 the defendants did not pray for damages of any kind.

"That after the dissolution of said injunction in said cause No. 1375, another execution was taken out on the judgment in cause No. 1276 and the same was levied on the real estate in Jefferson County as the property of F. H. Carpenter, being the same property levied on under execution which was restrained in said cause No. 1375. That thereupon said Alma M. Carpenter and F. H. Carpenter sued out an injunction in the 58th Judicial District of Jefferson County against said Ras Landry, the First National Bank of Sour Lake and Geo. W. Armstrong, restraining the further execution of said writ against said property; said suit in said Jefferson County being No. 5466. That in said injunction suit in Jefferson County there were the same parties plaintiff and the same parties defendant and the same subject matter as in cause No. 1375 in the District Court of Hardin County.

"That said injunction suit so brought in Jefferson County in said cause No. 5466 was tried on the 3d day of February, 1906, and the injunction theretofore granted was dissolved and the suit dismissed, from which said judgment the said Alma M. Carpenter and F. H. Carpenter appealed to the Court of Civil Appeals of the First Supreme Judicial District of Texas, at Galveston, Texas.

"That the judgment in said District Court of Jefferson County in said cause was by the Court of Civil Appeals in all things affirmed by an opinion delivered in said Court of Appeals upon the 28th day of February, 1907.

"That in defending said cause No. 5466 in Jefferson County the plaintiff paid out attorney's fees to the amount of $250, and for

defending said suit in the Court of Civil Appeals the sum of $100, and plaintiff paid out in other expenses attending the Jefferson County Court the sum of $25.

"That after cause No. 5466, appealed from the District Court of Jefferson County, had been affirmed by the Court of Appeals, the defendant, F. H. Carpenter, paid off and satisfied the judgment in cause No. 1276 in the District Court of Hardin County, the same being the judgment on which the several executions had been issued."

Under appropriate assignments of error the appellants assail the judgment of the court below upon the ground that the agreed facts upon which the cause was tried fail to show any liability on the part of defendants and, therefore, judgment should have been rendered in their favor.

The assignments must be sustained. It is well settled that attorney's fees incurred in defending an injunction suit are not recoverable as damages upon the dissolution of the injunction, either by cross-action in the injunction suit, or by suit subsequently brought upon injunction bond. The same rule applies to other expenses incurred in defending the suit which are not taxable as costs in said suit. Galveston, H. & S. A. Ry. Co. v. Ware, 74 Texas, 50; Jones v. Rosedale St. Ry., 75 Texas, 382; Neese v. Radford, 83 Texas, 585.

Appellee concedes this to be the rule, but insists that it is not applicable to this case because the suit is not brought upon the injunction bond given in the suit in which the attorney's fees and expenses sought to be recovered were incurred, but that appellants Carpenter in instituting the second suit for injunction violated the conditions of the bond sued on in thereby failing to abide by the judgment in the suit in which said bond was executed, and the attorney's fees and expenses of said second suit having been incurred by reason of said breach of the bond and as a direct and necessary result thereof, are recoverable in this suit as actual damages.

We can not agree with appellee in this contention. The condition in the bond sued on, that appellants would abide the decision made in the suit in which said bond was executed, can not be construed as an obligation on their part not to pursue any further legal remedy which they might have to prevent the sale of their property, and they were only bound by said bond to pay appellee such damages as might have been awarded against them in that suit and which were caused appellee by the prosecution of that suit by appellants.

The claim for statutory damages of ten percent can be adjudicated only by the court dissolving the injunction. Article 3010 of the statutes of this State provides that: "Upon a dissolution of an injunction either in whole or in part on final hearing where the collection of money has been enjoined, if the court be satisfied that the injunction was obtained only for delay, damages thereon may be assessed by the court at ten percent on the amount released by the dissolution of the injunction." We think this statute should be construed as conferring exclusively upon the court trying the injunction proceeding the jurisdiction of determining whether or not the injunction was sued out only for delay. (Hersberger v. Lindsey, 1 W. & W., 1107.) If the law was otherwise, and this suit could be

maintained on said bond to recover the statutory penalties, there is nothing in the facts of this case to sustain the conclusion that the injunction was sued out only for delay.

We are of opinion that upon the facts shown by this record the trial court should have rendered judgment for appellants, and the judgment of the court below is therefore reversed, and the judgment here rendered in appellants' favor.

*Reversed and rendered.*