### KELTON v. JONES et al. (No. 10220.)

(Court of Civil Appeals of Texas. Fort Worth. May 5, 1923.)

1. **Appeal and error ⬥907(3)—In absence of statement of facts, presumed that judgment was supported by evidence or admissions.**

On appeal from a judgment for damages on dissolution of an injunction delaying the collection of money on execution, if there is no statement of facts the court may presume that evidence supported the judgment or that the admission of plaintiff in open court that he had no cause of action supported the finding that the injunction had been sued out for delay only.

2. **Execution ⬥172(7)—Proof of injury from injunction imposed for delay held not essential under statute.**

Under Rev. St. 1911, art. 4667, providing damages at 10 per cent. of the amount released by dissolution of an injunction against the collection of money if the injunction was only for delay, plaintiff's confession in open court that he had no cause of action was sufficient without proof of injury; the only requisite being that the injunction was sued out solely for delay.

Appeal from District Court, Haskell County; W. R. Chapman, Judge.

Application by Elias Kelton for writ of injunction restraining G. P. Jones and another from enforcing a judgment. Judgment for defendants for damages on dissolution of injunction, and plaintiff appeals. Affirmed.

Taylor, Allen, Muse & Taylor, of Henrietta, for appellant.

G. W. Thomason, of Haskell, for appellees.

BUCK, J. On April 5, 1921, appellant, Elias Kelton, applied to the district judge of Clay county for a writ of injunction to restrain the sheriff of said county and G. W. Thomason, of Haskell county, from levying upon a described tract of land in Clay county, in the satisfaction of a judgment theretofore rendered in Haskell county, which judgment grew out of a suit in which Thomason was plaintiff and P. E. Elliott was defendant. The petitioner claimed that the tract of land, upon which a levy was sought to be made was his homestead, and that he had been in possession thereof and occupied it as such homestead since 1909, and had made improvements thereon, and that by reason of these facts he was entitled to the undisturbed possession of said land as against any interest therein held or claimed by P. E. Elliott, or held or claimed by said Thomason. The judge granted the relief prayed for, conditioned upon the filing of a bond in the sum of $1,000; but upon a hearing upon said Thomason's plea of privilege to be sued in the county of his residence, the plea of privilege was sustained and the cause transferred to the district court of Haskell county. In that court the plaintiff and defendant Thomason filed further pleadings. Upon a hearing, it appears from the judgment that plaintiff in open court announced that he had no cause of action against the defendants, and would not further prosecute the suit, and asked that the suit be dismissed. Thereupon the court entered judgment dismissing the suit and allowed Thomason damages in the sum of $297.44 for delay. That part of the judgment reads as follows:

"It is ordered, adjudged, and decreed by the court that the said cause be dismissed at the plaintiff's cost, with the exception that the defendant G. W. Thomason is allowed to be heard upon his claim for damages, amounting to 10 per cent. of the amount of money recovered in the judgment against P. E. Elliott in the district court of Haskell county, Tex., on foreclosure of vendor's lien identified and described in the pleadings of this case, the collection of which, amounting to $4,119.50, was restrained by the injunction sued out by the plaintiff in this cause, and it appearing to the court from the statements made by the plaintiff in open court and from the record in the cause that the said injunction was sued out for delay only, and that said delay was from March 12, 1921, to this date. The court finds that the defendant G. W. Thomason ought to recover of and from the plaintiff, Elias Kelton, and from the surety on his injunction bond in this cause, the United States Fidelity & Guaranty Company, Baltimore, Md., a corporation, the sum of $297.44, with interest at 6 per cent. per annum from this date until paid."

From this judgment allowing damages, plaintiff has appealed.

[1, 2] The one contention in appellant's

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

brief is that the trial court erred in allowing damages for delay.

Article 4667, Rev. Statutes, provides:

"Upon the dissolution of an injunction, either in whole or in part, on final hearing, where the collection of money has been enjoined, if the court be satisfied that the injunction was obtained only' for delay, damages thereon may be assessed by the court, at ten per cent. on the amount released by the dissolution of the injunction, exclusive of costs."

Appellant urges that in the absence of proof that the defendant below was injured by reason of the injunction being granted, upon the dissolution of the injunction the trial court could not award the 10 per cent. damages provided for in this article of the statute. No statement of facts has been brought up to this court, and in support of the judgment below and in view of the above recitations in the judgment, we are entitled to presume that evidence was offered to support the judgment for damages for delay, or "that the statements made by the plaintiff in open court" supported the conclusion of the trial court that the injunction had been sued out for delay only. Under the statute, and irrespective of the. creditor's right to recover damages for delay upon proper pleadings and proof, the amount of the statutory damages where the collection of money is enjoined and the injunction has been dissolved is limited to 10 per cent. of the amount·released by the dissolution of the injunction, exclusive of costs. It seems to us that the only requisite for such an award is a finding by the trial court that the injunction had been sued out for delay only. The court could base its finding either upon evidence introduced or upon admissions or statements made in open court by the party suing out the injunction.

In T. & N. O. Ry. Co. v. White, 57 Tex. 129, our Supreme Court, speaking through Judge Stayton, said:

"But the limit of their liability to judgment, without pleading and proof of injury by the creditor, is the 10 per cent. damages for delay, which, without further inquiry into the question of delay which appears in the facts of the case, the statute directs to be assessed; but with proper allegation and proof, their liability, as well as that of the principal, may be adjudged, even though. it made the full amount of their bond."

See, also, Carpenter v. Bank, 53 Tex. Civ. App. 23, 114 S. W. 904; Hicks v. Murphy (Tex. Civ. App.) 162 S. W. 925; Ables v. Waggoner (Tex. Civ. App.) 208 S. W. 693. These cases are cited and relied upon by appellant, but in our judgment, in so far as they affect this .case, they sustain the conclusions of the trial court.

Judgment affirmed.