## GARRETT et al. v. KELLEY et al.
## (No. 3019.)

Court of Civil Appeals of Texas. Amarillo. April 25, 1928.

Rehearing Denied May 23, 1928.

1. **Injunction ⬤199—Judgment held properly rendered, in injunction proceeding, in favor of defendants on cross-action for affirmative relief, without notice to plaintiff (Rev. St. 1925, art. 4649).**

Under Rev. St. 1925, art. 4649, relative to bond, in proceedings for injunction, judgment may properly be rendered in favor of defendants under cross-action for affirmative relief, without notice of filing of said cross-action to plaintiff, and in absence of citation, since plaintiff by instituting suit invokes jurisdiction of court, both as to its cause of action and as to any cause of action asserted by defendant in accordance with provision in statute that plaintiff and his sureties bind themselves to pay all sums of money and costs that may be adjudged against them.

2. **Injunction ⬤119—Cross-action in proceeding to enjoin operation of hamburger stand, alleging wrongful injunction and resulting damage, stated good cause of action against general demurrer.**

Cross-action in suit to enjoin operation of hamburger stand on theory that plaintiff had exclusive right, alleging wrongful issuance of writ of injunction and damages resulting from loss of rent and loss of profits, *held* to state a good cause of action against general demurrer.

3. **Injunction ⬤119—Defendant's cross-action in injunction proceeding has support of other pleadings therein.**

Cross-action in proceedings to enjoin operation of, hamburger stand has support of other pleadings in proceeding setting up contract on which plaintiff relied for exclusive right to operate hamburger stand on certain premises.

4. **Pleading ⬤228—Legal sufficiency of plea to admit evidence to establish case must be challenged by special exception.**

A plea which is sufficient to admit evidence to establish case it seeks to make out cannot be disregarded or treated as a nullity until its legal sufficiency is questioned by special exception.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

5. Pleading ⟨⟩34(3), 205(2)—Every reasonable intendment is indulged in favor of pleading and defect in statement of cause of action, if amendable, is not subject to general demurrer.

Every reasonable intendment from allegations as a whole will be indulged and a defect in statement of cause of action, if amendable, is not subject to general demurrer.

6. Injunction ⟨⟩200—Attorney's fees in defending injunction proceedings are not recoverable in cross-action.

Attorney's fees incurred in defending injunction proceedings are not recoverable by defendants in cross-action seeking affirmative relief therein.

7. Appeal and error ⟨⟩1039(2)—Clerical error in designating one of defendants, corrected in other parts of pleading, is immaterial.

Discrepancy in designation of one defendant constituting apparently a clerical error, which is corrected in other parts of pleading, is immaterial.

8. Appeal and error ⟨⟩1039(2)—Clerical error in dates of issuance and service of writ is immaterial.

Where error in dates of issuance in service of writ of injunction is shown by all other pleadings to be a clerical error, it is immaterial.

On Motion for Rehearing.

9. Judges ⟨⟩25(1)—Judge sitting by exchange of benches had authority to transfer cause to docket of new district created under law reorganizing districts (Vernon's Ann. Civ. St. 1925, art. 199, subd. 72, § 4, and subd. 99, § 3).

Under Vernon's Ann. Civ. St. 1925, art. 199, subd. 99, § 3, creating the Ninety-Ninth judicial district court and subdivision 72, § 4, reorganizing the Seventy-Second judicial district, and authorizing transfer of cases, judge sitting by exchange of benches had authority to transfer case to other district without regard to fact that in so doing he recited that transfer was made because of disqualification of regular judge, since having discretion to transfer case to other district the fact that a wrong reason was assigned therefor did not affect legality thereof.

10. Appeal and error ⟨⟩854(2)—It is immaterial that court gives wrong reason in case conclusion reached is right.

If the conclusion reached by court be right, it is not material that court may have given a wrong reason therefor.

Error from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by Charles Garrett against W. R. Kelley and others, wherein defendants file a cross-action, and wherein other parties joined with plaintiff as plaintiffs in error on appeal. Judgment for defendants, and plaintiff brings error. Reformed, and, as reformed, affirmed.

Lockhart & Garrard and F. D. Brown, all of Lubbock, for plaintiffs in error.

Vickers & Campbell and Walter F. Schenck, all of Lubbock, for defendants in error.

RANDOLPH, J. Garrett filed this suit against Kelley, Hicks, and Curry. In his petition he alleged that he leased space in the Broadway Hotel, in the city of Lubbock, Tex., from W. R. Kelley, in which to operate a hamburger stand for the sale of hamburgers, sandwiches, cold drinks, etc., with the understanding and agreement that Kelley would not allow or permit any other hamburger stand to be opened and operated upon the lots described in the leases held by Kelley; that disregarding said agreement, Kelley permitted his son and Hicks and Curry to open and operate a hamburger stand about 85 or 90 feet south from the stand of the plaintiff on a portion of said lots; also alleging that same was injurious and damaged plaintiff, etc.; praying for a writ of injunction restraining defendants from operating said hamburger stand.

The trial court ordered the issuance of a temporary writ of injunction upon the giving of bond by the plaintiff. The bond was given with the other plaintiffs in error thereon, who are joined herein with plaintiff in this appeal, as sureties. The defendants answered and also filed a cross-action for damages.

After the case had remained on the docket for over a year, the trial court, in the absence of the plaintiff, and, so far as the record discloses, without notice to the plaintiff of the filing of the cross-action of the defendant, proceeded to hear the case, as presented by the defendants under their answer and cross-action. Upon such hearing, the court rendered judgment, dissolving the temporary injunction, and awarding defendants damages against the plaintiff and his sureties on the injunction bond. In due time a writ of execution was issued upon said judgment in favor of the defendants and was placed in the hands of the sheriff of Lubbock county, when the plaintiff joined by the sureties, filed with the clerk of the district court his petition for writ of error, had citation served, filed supersedeas bond, and the case is now before this court for review.

[1] The plaintiff and his sureties assign error on the action of the trial court in rendering judgment in favor of the defendants upon their cross-action for affirmative relief, without notice of the filing of said cross-action to the plaintiff, and in the absence of citation to plaintiff duly served on him. This proposition is ordinarily sound, but does not apply to a judgment taken upon cross-actions for

damages by reason of the illegal issuance and service of a writ of injunction.

Article 4649, Revised Civil Statutes 1925, provides as follows:

"Upon the filing of the petition and order of the judge and before the issuance of the writ of injunction the complainant shall execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by such clerk in the sum fixed in the order of the judge granting the writ, conditioned that the complainant will abide the decision which may be made therein, and that he will pay all sums of money and costs that may be made therein, and that he will pay all sums of money and costs that may be adjudged against him if the injunction be dissolved in whole or in part."

The provision that the plaintiff and his sureties bind themselves to "pay all sums of money and costs that may be adjudged against him" does not require service of notice of the filing of the cross-action to put the plaintiff and his sureties in court, for the plaintiff has invoked the jurisdiction of the court, both as to his own cause of action and as to any cause of action which may be asserted by the defendants.

So far as the plaintiff's contention applies to a judgment rendered against the sureties, it has often been held that service of citation on such sureties is not necessary in order to authorize the court to render a judgment against them for such damages as are shown to have been suffered by the defendants. Smith v. Wilson, 18 Tex. Civ. App. 24, 44 S. W. 556; Coates v. Caldwell, 71 Tex. 19, 8 S. W. 922, 10 Am. St. Rep. 725; Sharp v. Schmidt, 62 Tex. 263, and authorities therein cited.

If the language of the statute above quoted, which is practically followed by the obligation of the bond in this case, makes the sureties responsible for such damages without the necessity for citing them to answer the cross-action, certainly that language is also applicable to the plaintiff, and he too would be subject to the judgment of the court, without having been cited. As stated by the San Antonio court, in the case of Heidemann v. Martinez, 173 S. W. 1166–1168, the principal on the bond could occupy no better position than the sureties. We therefore overrule this assignment.

[2] The plaintiff assigns as error the action of the trial court in rendering judgment for the defendants for the reason that the cross-action of the defendants fails to state a cause of action. The cross-action, seeking recovery herein, is as follows:

"(10) The defendant W. R. Kelley pleads over against the plaintiff and the sureties on his injunction bond for damages by reason of the wrongful suit of the plaintiff against him, and of the wrongful issuance of the writ of injunction herein. He says such injunction was wrongfully and maliciously sued out by the plaintiff, causing him damage, and that the allegations therein against him are wholly untrue and without foundation in law or facts. As a result of said injunction, he was deprived of his rent of one hundred five dollars, due and owing by his codefendants herein. Besides he is subjected to damages in favor of his codefendants for the reason he let and leased them, in good faith, as he had a right to, certain portions of the improvements on the lot of land described in plaintiff's petition. It has been necessary and proper for him to employ attorneys to defend the suit brought against him by the plaintiff at a cost of one hundred ($100) dollars, which he is obligated to pay. He has been damaged in the sum of two hundred five ($205.00) dollars by reason of the suit, and he should have judgment over against the plaintiff, and the sureties on his injunction bond, for the said sum of two hundred five ($205.00) dollars, and all costs.

"(11) Likewise do the defendants W. A. Hicks and Leonard Curry plead over against the plaintiff for damages, by reason of the wrongful suing out of the injunction in this suit. They say said injunction was wrongfully and maliciously sued out as against them, and without foundation in law or facts; that the plaintiff knew that his said suit for injunction was wrongfully brought and he brought the same to injure and harass them, and throw them out of possession of the improvements, and to prevent them from conducting a legitimate business in the premises leased from W. R. Kelley, and as a result of said injunction they have had to close their business and sell their stock of goods and merchandise at a loss and damage to them of one hundred ($100.00) dollars. They had to stop their confectionery business, as aforesaid, and, had the suit not been brought against them, they would have earned, and were earning, as profits from their said business, the sum of ten ($10.00) dollars per day. They have lost to date seventy (70) days at ten ($10.00) dollars per day, making a total of seven hundred ($700.00) dollars. They have also, by reason of said suit, been compelled to employ attorneys to defend them and protect and preserve their rights, and have obligated themselves to pay said attorneys the sum of one hundred ($100.00) dollars, making a total loss to them of nine hundred ($900.00) dollars, for which the plaintiff and the sureties on his injunction bond are legally liable.

"(12) Wherefore, premises considered, the defendants pray on final hearing that the plaintiff take nothing by reason of his said suit, and that the defendant W. R. Kelley have and recover of and from the plaintiff, and the sureties on his injunction bond, his damages in the sum of two hundred five ($205.00) dollars, and that the defendants W. A. Hicks and Leonard Curry have and recover of and from the plaintiff, and the sureties on his injunction bond, their damages in the sum of nine hundred ($900.00) dollars, for all costs of suit, and any other relief to which they may show themselves entitled under the facts in the case."

[3] It will be understood that the plaintiff's petition and the answer of defendants set out the contract between the plaintiff and the defendant Kelley, the breach thereof by

Kelley, and that the defendants Kelley, Hicks, and Curry are operating a rival establishment upon the above-described property. The cross-action, therefore, has the support of such other pleadings. Bourke v. Vanderlip, 22 Tex. 221, 222; International Building & Loan Ass'n v. Biering, 86 Tex. 476–485, 25 S. W. 622, 26 S. W. 39.

[4] A plea which is sufficient to admit evidence to establish the case it seeks to make out cannot be disregarded or treated as a nullity until its legal sufficiency is questioned by special exception. Cunningham v. Wheatley, 21 Tex. 184.

[5] Every reasonable intendment from the allegations as a whole will 'be indulged and a defective statement of the cause of action, if amendable, is not subject to general demurrer. Northwestern Nat. Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185 (writ denied).

[6] We hold, therefore, that the cross-action states a cause of action good against a general demurrer. However, as to an item of the recovery, viz. the attorney's fees, we hold that they are not recoverable in the suit of defendants. Carpenter v. First National Bank, 53 Tex. Civ. App. 23, 114 S. W. 904.

[7, 8] The discrepancy shown in the designation of the defendant Hicks is apparently a clerical error, which is corrected in other parts of the pleading, and such discrepancy is therefore immaterial; so, also, is the error in the dates of the issuance and service of the writ of injunction. All the other proceedings clearly show this to be a clerical error. Hall, etc., Machine Co. v. Brown, 82 Tex. 469, 17 S. W. 715.

The judgment of the trial court will be reformed in order to eliminate the recovery of attorney's fees, and, as so reformed, the judgment is affirmed.

### On Motion for Rehearing.

The plaintiffs in error, in their motion for rehearing, for the first time, present to us a question of fundamental error in this:

That the Ninety-Ninth judicial district court not being in existence at the time this suit was filed, nor at the time of the filing of the cross-action upon which the judgment is based—the only district court of Lubbock county, Tex., at those times, being the Seventy-Second judicial district court of Lubbock county, and that being the court in which this suit was filed—and there being no provision of the law transferring suits filed in the Seventy-Second district court to the Ninety-Ninth district court, which last court was not created until long after this suit and the filing of the cross-action of defendants in error, the Ninety-Ninth district court was without jurisdiction to render a judgment in this cause against plaintiffs in error.

As indicated above, this suit was filed in the Seventy-Second judicial district. The

Ninety-Ninth judicial district court was thereafter created by the Legislature. It is apparent from the record that Hon. Clark M. Mullican was the judge of the Seventy-Second judicial district court and that on the creation of the Ninety-Ninth judicial district court he was appointed judge of that court, and that Hon. Homer L. Pharr, one of the attorneys in this cause, was appointed judge of the Seventy-Second judicial district court. Judge Mullican of the Ninety-Ninth judicial district court exchanged benches with Judge Pharr, and while acting under such exchange, as judge of the Seventy-Second judicial district court, made and entered the following order, to wit:

"State of Texas, County of Lubbock.

"In the Judicial District Court of Seventy-Second Judicial District of Texas, Lubbock County, Texas. April 4, A. D. 1927.

"The following case is hereby transferred from the Seventy-Second judicial district court of Texas to the district court of the Ninety-Ninth judicial district of Texas, for the reason that the presiding judge of the Seventy-Second judicial district is disqualified to sit in the trial of said case: No. 2567, Charles Garrett v. W. R. Kelley et al.

"The district clerk in and for Lubbock county, Texas, is hereby instructed and directed to correct and adjust the records in the district clerk's office to show the above list of cases on the docket hereafter in the Ninety-Ninth district court of Lubbock county, Texas. Clark M. Mullican, Judge Ninety-Ninth Judicial District of Texas. Acting by Exchange as Judge of the Seventy-Second Judicial District of Texas."

[9] The contention of appellants is that the order so entered by Judge Mullican was and is wholly void on the ground that such judge had no authority to transfer a case from the Seventy-Second judicial district court to the Ninety-Ninth judicial district court, on the ground of the disqualification of the judge of that court to try this case, and therefore the Ninety-Ninth judicial district court had no jurisdiction to render judgment on appellees' cross-action.

The act creating the Ninety-Ninth judicial district court contained the following provision:

"Sec. 3. The district clerk of Lubbock county shall act as the district clerk for the court herein created. Immediately upon this act taking effect the district judge of the 72nd judicial district shall enter an order transferring a portion of the cases on the docket in the said 72nd judicial district court in Lubbock county to the district court of the 99th judicial district herein created, and said district clerk shall thereupon transfer such cases accordingly and enter the same upon the docket of said court created by this act, together with all records and papers relating thereto." Vernon's Ann. Civ. St. 1925, art. 199, subd. 99, § 3.

The act reorganizing the Seventy-Second judicial district provided, among other things:

"Sec. 4. The 72nd judicial district of Texas and the 99th judicial district of Texas and the courts of said judicial districts in Lubbock county shall have concurrent jurisdiction with each other in said county in all matters over which jurisdiction is given or shall hereafter be given by the Constitution and laws of this state to district courts. Either of the judges of the said district courts for said county may in their discretion in term time or in vacation transfer a case or cases, civil or criminal, to said other district court, with the consent of the judge of said other district court, by order entered on the minutes of his court from which said case is transferred or minutes or orders made in chambers as the case may be, which orders when made shall be copied and certified to by the district clerk of said Lubbock county, together with all orders made in said case and such certified copies of such orders together with the original papers shall be filed among the papers of any case thus transferred and the fees thereof shall be taxed as a part of the costs of said suit, and the clerk of said court shall docket any such case in the court to which it shall have been transferred and when so entered the court to which same shall have been thus transferred shall have like jurisdiction therein as in cases originally filed in said court and the same shall be dropped from the docket of the said court from which it was transferred, provided that all process and writs issued out of the district court from which any such transfer is made shall be returnable to the term of court to which said transfer is made according to the terms of the district court of said respective courts as fixed by this act, and that all bonds executed and recognizances entered into in any district court from which any such transfer is made shall bind the parties for their appearance or to fulfill the obligations of such bonds and recognizances at the terms of said court to which said transfer is made as said terms are fixed by this act in the respective counties." Vernon's Ann. Civ. St. 1925, art. 199, subd. 72, § 4.

It is clear, from the language of the act creating the Ninety-Ninth district, and from the wording of the provision quoted from the act reorganizing the Seventy-Second district, that a case pending upon the Seventy-Second district court's docket could be transferred to the docket of the district court of the Ninety-Ninth district, at the discretion of the judge sitting as judge of the Seventy-Second district court.

This exercise of discretion is ordinarily presumed. The fact that the order transferring the case recites that the presiding judge of the Seventy-Second district court was disqualified in the case obviates the necessity of his consenting to the transfer.

The fact that, in exercising his discretion in transferring the case and in so ordering, the judge sitting by exchange of benches recites that he does so because of the fact that the judge of the Seventy-Second district was disqualified to try it, does not render that discretion inoperative; and if the judge, in so transferring the case, assigned a wrong reason for his judgment, but did render a judgment or enter an order which was authorized by law, his erroneous reason therefor would not affect its legality.

[10] If the conclusion reached be right, it is not material that the court may have given a wrong reason therefor. Dean v. Crenshaw, 47 Tex. 10; Swift v. Trotti, 52 Tex. 498, 503; Galveston v. Hemmins, 72 Tex. 558, 11 S. W. 29, 13 Am. St. Rep. 828; Mainwarring v. Templeman, 51 Tex. 205.

The motion for rehearing is, in all things, overruled.