TEXARKANA & FORT SMITH RAILWAY COMPANY V. NECHES IRON
WORKS ET AL.

Decided October 23, 1909.

**1.—Carrier of Freight—Delay in Delivery—Special Damages—Notice.**

After a shipment of freight has arrived at its destination and is in the possession and control of the carrier, notice then given to the carrier of special damages likely to accrue to the consignee by delay in the delivery of said freight, is sufficient to render the carrier liable for damages thereafter accruing. The rule that such notice must be given at the time the goods are received for transportation is not applicable in such case.

**2.—Conversion of Property—Value—Insufficient Evidence.**

Where, in a suit for the value of a carload of coke converted by the defendant, the only testimony as to its value was that of witnesses who on cross-examination admitted that they had not seen the coke and did not know its quantity or quality except from the invoices in the possession of the plaintiff, the evidence as to the value of the property was insufficient to support a verdict against the defendant.

**3.—Same—Special Damages—Insufficient Evidence.**

Where the testimony showed that plaintiff was simply delayed in filling an order for work by reason of the failure of defendant to promptly deliver a carload of coke, but that the order was subsequently filled and no loss of profit resulted from the delay, the testimony was insufficient to support a verdict for special damages because of said delay.

Appeal from the County Court of Jefferson County. Tried below before Hon. Jas. A. Harrison.

*Hiram Glass* and *H. M. Whitaker,* for appellant.—In order to recover special damages from a carrier for failure to deliver, such as a loss of prospective profits which are not too remote and speculative, the carrier at the time of entering into the contract must be informed of the nature and condition of the facts out of which the profits are to arise. And the goods should have been within the custody and control of the agent of the carrier when the facts making the delivery so important were brought to his knowledge. Missouri, K. & T. Ry. Co. v. Belcher, 89 Texas, 428; Steffen v. Mississippi R. & B. T. Ry. Co., 56 S. W., 1125; Pacific Express Co. v. Redman, 60 S. W., 679; Bourland v. Choctaw, O. & G. Ry. Co., 90 S. W., 483, 485; Missouri, K. & T. Ry. Co. v. Sproles & Vines, 92 S. W., 40.

*Terry, Cavin & Mills* and *F. J. & R. C. Duff,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by the Neches Iron Works against the appellant and the Gulf, Colorado & Santa Fe Railway Company to recover the value of a carload of coke alleged to have been converted by the defendants, and to recover special damages alleged to have been sustained by the plaintiff by reason of said conversion. The cause of action is thus stated in the petition:

"That heretofore, to wit, on or about September 3, 1907, defendants owned, operated and controlled, each a certain line of railroad extending into and about the city of Beaumont, Jefferson County, Texas, and

was then and there and still is engaged in the business of running and operating a line of railroad and transporting freight on and over their said lines of road as common carriers for hire; and that on or about September 6, 1907, in consideration of the sum of $88 then and there paid defendants by plaintiff, which was freight charges demanded by the defendants upon one car of Milwaukee Salvoy coke, at which time the defendants promised and agreed to carry and deliver to the plaintiff promptly at its machine shops in the city of Beaumont, Texas, its place of business, said one car of Milwaukee Salvoy coke, which was then and there in their possession in their yards in the city of Beaumont, Texas, having been shipped over their said line of railroad, and was then and there the property of this plaintiff, and was of the reasonable value of $199.04, and that at the time of the payment of said freight charges, as aforesaid, plaintiff told and informed defendants that its supply of coke was running short and it was in immediate need of the delivery of this car of coke, and unless same was delivered to them promptly, which it requested to be done, that its supply would run out and they would be delayed in their work, and would cause them damage, and that repeatedly thereafter, for the next ten or fifteen days, plaintiff did call defendants up over the 'phone, and requested and insisted upon the immediate delivery of the said car of coke to them, each time informing them of the importance of having the same delivered at once, stating to them unless they received same at once they would have to close the shops and would be damaged, and that they would hold them for it. But that afterwards, on or about September 6, 1907, defendants knowingly, unlawfully and wilfully took possession of said property and knowingly and unlawfully converted the same to their own use and benefit.

"Plaintiff further charges that it was some twenty days after the payment of said freight charges before it learned that its said car of coke had been used and that defendant could not deliver same, but that during all this time which intervened defendants negligently and fraudulently misinformed plaintiff and kept it believing that its car of coke would be delivered by telling it that they would trace it up and have it put over to him, when as a matter of fact it had been appropriated and could not be delivered."

Other allegations of the petition claim that the special damages sustained by the plaintiff by reason of loss of business caused by the failure of the defendants to deliver the coke, amounted to the sum of $250.

The defendants answered by general demurrer and general denial, and specially excepted to the petition on the ground that the allegations of special damages were insufficient in that there is no allegation that the defendants at the time they accepted the shipment of the coke had notice that such special damage would likely accrue if there should be a failure to deliver the coke. Defendants also excepted or pleaded to the jurisdiction of the court on the ground that the claim for special damages being insufficient for the reason above stated, and the amount sued for as general damages being less than $200, the court was without jurisdiction to hear and determine the case.

The trial in the court below with a jury resulted in a verdict and judgment in favor of the plaintiff against the appellant for the sum of $208, the alleged value of the coke, with interest thereon from the date of its conversion, and the further sum of $140 special damages. No judgment was rendered against the Gulf, Colorado & Santa Fe Railway Company. From this judgment the Texarkana & Fort Smith Railway Company has appealed against plaintiff and its co-defendant.

The court did not err in overruling the special exception to the petition and the plea of its jurisdiction. The petition alleged that at the time the defendants were notified that special damages would accrue if the coke was not delivered, the car of coke was in possession of the defendants in their yards in the city of Beaumont. The general rule requiring notice at the time of making a contract for the delivery of property, of the existence of peculiar conditions under which special damages are likely to accrue from its breach, as essential to create liability of the promisor for such damages, is not universal nor applicable to all cases, and it has been expressly held in a case similar to this case in all respects that notice given after the property reached its destination and is in the possession and control of the carrier charged with its delivery, is sufficient. Bourland v. Choctaw, O. & G. Ry. Co., 99 Texas, 407.

The evidence shows that at the time plaintiff's agent paid the freight on the shipment and appellant agreed to deliver the coke at once, he informed the appellant that plaintiff's supply of coke was running short, and that unless they received the coke promptly that the plaintiff's plant would likely be shut down, as coke was necessary for running the plant. At this time the car was in possession of appellant at Beaumont. This was sufficient to charge appellant with notice of the special damages claimed by plaintiff, and the court did not err in submitting that issue to the jury.

The only testimony as to the value of the car of coke at Beaumont at the time of its conversion is that of the witnesses Meagher and Wills. The witness Meagher, after stating the value of the car of coke to be $199.04, which he fixed by the market and the invoice, on cross-examination stated that he got the value "entirely by the figures I took from my invoice and the papers in my office. I never saw the coke. There is good coke and bad coke. I don't know whether that car was good coke or bad coke. I never saw it. The only thing I can tell about its nature and condition is the reputation of the house. I never saw that particular car of coke, and I don't know whether it was good or bad." And in answer to a further inquiry stated that he fixed the whole thing as to the class and amount of the coke by the invoices and his books. The witness Wills stated that the contract price of this coke with the concern from which he purchased was $9.55 a ton. There was no other evidence as to the amount or value.

It is well settled that the general measure of damages for the conversion of property is the market value of the property at the time and place of the conversion, with legal interest thereon. It is also settled that evidence of the price paid for property is not evidence of its market value. Under these rules if the witnesses had testified that a car of coke of the quantity, class and condition of that converted by

the defendants cost the sum named by them, and from the fact that such was its cost in the open market they would swear that such was its market value, such evidence would clearly be inadmissible, and if admitted without objection we are not inclined to think it would be sufficient to sustain a finding as to the market value of coke. But be this as it may, the evidence in this case is, we think, clearly insufficient because the witness does not testify as to the cost of a car of coke of the kind and quantity converted by the defendants, but says he does not know how much or what kind of coke was taken, and he only testifies that coke of this kind and quantity named in the invoice sent plaintiff would cost the amount named. We think this evidence is insufficient to sustain the verdict, and the assignment complaining of the judgment on this ground should be sustained. This testimony in effect amounted to nothing more than the production of the invoice.

The evidence is also insufficient to sustain the verdict for $140 special damages for loss on an order for work to be done for the Gulf Refining Company. The evidence shows that this order was delayed by the failure to receive the coke, but that it was finally filled by the plaintiff, and plaintiff's manager testified: "When we did get it out we made whatever profit we were going to make on that particular work. We did not lose that work." It is clear that plaintiff was not entitled to recover damages for loss of this order when the testimony shows that it was subsequently filled and all the profit made out of it that would have been made if it had been filled promptly.

None of the assignments presented in the brief show any error against the appellant in the trial of the case as between it and its codefendant, the Gulf, Colorado and Santa Fe Railway Company, and the judgment in favor of said company should be affirmed.

In announcing our decision and making the entry upon the trial docket we inadvertently stated that the judgment of the court below was reversed and the cause remanded, when the entry and announcement should have been: Reversed and remanded as to appellee Neches Iron Works, and affirmed as to the Gulf, Colorado and Santa Fe Railway Company. This entry will be corrected and judgment entered as indicated, and it is so ordered.

*Affirmed in part and reversed and remanded in part.*