GARCIA et al. v. HERNANDEZ. (No. 1137.)

(Court of Civil Appeals of Texas. El Paso. Nov. 4, 1920. Rehearing Denied Jan. 13, 1921.)

1. **Limitation of actions ☞127(2)—Action not barred where amended petition sets up same cause of action as original petition filed in time.**

Where the facts pleaded in the original petition and in the amended petition are substantially the same and set up the same cause of action, the cause of action is not barred by limitations, where the original petition has been filed within the statutory period.

2. **Sales ☞225(6)—Refusal to instruct as to reservation of title as security not error where inapplicable under evidence.**

Where defendant had sequestered and replevied certain goats in possession of plaintiff's alleged vendee to which plaintiff claimed title and for which he sued in conversion, it was not error to refuse to instruct as to reservation of title as security for purchase money, under Rev. St. art. 5654, the evidence showing a delivery to vendee on the understanding that title should not pass until payment made.

3. **Trial ☞252(6)—Refusal of instruction in action for conversion held not improper under evidence.**

Where defendants had sequestered and replevied certain goats in possession of plaintiff's alleged vendee, in an action for conversion by plaintiff, it was not error to refuse to instruct for defendants if the jury believed that the goats were taken from a certain range in Mexico by plaintiff's brother by unlawful means as against an assignment that the undisputed testimony showed that the goats were so taken.

4. **Trial ☞194(14)—Instruction in action for conversion properly refused where on weight of evidence.**

Where defendants had sequestered and replevied certain goats in possession of plaintiff's alleged vendee, in an action for conversion by plaintiff, it was not error to refuse to instruct for defendant if the jury believed that the goats were unlawfully taken from a certain ranch by plaintiff's brother; such instruction being upon the weight of the evidence, as intimating that the goats were unlawfully taken.

5. **Trial ☞260(1)—Special instructions covered by general charge properly refused.**

It is not error to refuse special instructions sufficiently submitted in the general charge.

6. **Appeal and error ☞215(4)—Objection that instruction is on weight of evidence cannot be first raised on appeal.**

An objection that a special charge is on the weight of evidence cannot be raised in the Court of Appeals for the first time, in view of Acts 1913, c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1984a, 1954, 1970, 1971, 1973, 1974, 2061).

7. **Sequestration ☞21—Measure of damages for wrongful sequestration and replevin of goats stated.**

Where defendant sequestered and replevied certain goats claimed by plaintiff to be his property, in conversion by plaintiff the measure of damages was the reasonable market value of the goats at the time of their seizure under the writ of sequestration, with 6 per cent. interest on such amount from the said date to the time of trial.

8. **Evidence ☞461(1)—Parol evidence admissible to show that title should not pass under bill of sale placed in hands of third person.**

Where an owner of certain goats executed a bill of sale and placed it in the hands of a third person, with instruction to deliver it to the vendee upon payment of purchase price, but such bill of sale was never delivered, it was competent in an action by the owner for conversion against one who seized and replevied the goats in the vendee's possession to show that it was the intention of the parties that title should not pass at the time of delivery to the vendee.

9. **Trover and conversion ☞40(3) — Verdict warranted by evidence.**

In an action for conversion of certain goats sequestered and replevied by defendant, a ver-

dict for plaintiff *held* not contrary to the evidence as to title.

Appeal from Circuit Court, Brewster County; Joseph Jones, Judge.

Action by Felis Hernandez against Bartola Garcia and others in conversion and for exemplary damages. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 216 S. W. 477.

W. Van Sickle, of Alpine, and Walthall & Gamble, of El Paso, for appellants.

Mead & Metcalfe, of Marfa, for appellee.

HIGGINS, J. In a suit pending in the district court of Brewster county, brought by the appellant, Garcia, against Tom Burnam and Jim Mitchell, Garcia caused to be issued a writ of sequestration against 1,200 head of goats then in the possession of Mitchell. Under the writ the goats were seized and thereafter replevied by Garcia. Thereafter the appellee, Hernandez, brought this suit against Bartola Garcia and his son and agent, Wenscelado Garcia, alleging that he, Hernandez, was the owner of the goats, and that they had been converted by the Garcias in the manner above shown, and prayed judgment for the value of the goats as actual damages, and also for exemplary damages for the wrongful and malicious issuance of the writ.

The evidence discloses that Bartola Garcia was forced by the Villistas to leave Mexico in 1913, coming to Texas. When he left Mexico he had various properties, among them a ranch stocked with goats. These goats, subsequent to his departure, were stolen by the Villista General, Rosalio Hernandez, a brother of the appellee. The goats involved in the present controversy were crossed from Mexico into Texas in December, 1916, at Lajitas, Texas. Garcia had been advised of the probable entry of the goats, and sent his son, Wenscelado, to Lajitas. Wenscelado arrived there shortly before the entry of the goats. Appellee testified that the goats were his, having been raised by him and his family in Mexico; that he had commissioned his brother, Miguel Hernandez, and one Luis Flott to pass and sell the goats in Texas. Jim Mitchell was at Lajitas, and expected to purchase the goats. Tom Burnam was also present and it seems advanced to Miguel Hernandez and Flott the funds necessary to pay the import duties. Upon the entry of the goats it appears that Mitchell, the prospective purchaser, became advised that Bartola Garcia, through his son and agent, Wenscelado, was asserting an adverse claim to the goats, and on account of such adverse claim declined to consummate the purchase and pay the purchase money. Thereupon Miguel Hernandez signed a bill of sale for the goats dated December 8th,

1916, reciting that he had that day sold 1,114 goats to Mitchell for the sum of $1,212, and acknowledging the receipt of said sum, and guaranteed the ownership of the goats and Mitchell against all claims thereto.

B. Crawford testified that he was present when this bill of sale was signed, and it was delivered to him with instructions to keep it until Mitchell came to Alpine with the goats and when he paid him (Crawford) to deliver the bill of sale; that Mitchell never paid for the goats, and he never delivered the bill of sale to him.

Jim Mitchell testified:

"That bill of sale was made in my favor, made to me. We had a verbal contract there that if I got the goats and they were not taken away from me I was to pay them the money. Garcia was claiming them, and I figured they might be sequestrated as they were—something of that kind might turn up. There was no time set, only when we got to Alpine and loaded them on the cars, and if there was no trouble, the goats hadn't been taken away from me, I was to pay them the $1,215."

After the delivery of the goats to Mitchell he started to Alpine with them. Bartola Garcia through his son and agent then instituted the sequestration proceedings in the district court of Brewster county, and thereunder the goats on December 12, 1916, and before they reached Alpine, were seized and replevied as above stated.

This is the second appeal of this case. The former opinion appearing in 216 S. W. 477, where the testimony of Wenscelado Garcia, Crawford, and Mitchell is quoted at some length. Their testimony upon the present trial is substantially the same as there quoted. The bill of sale executed by Miguel Hernandez is there quoted in full, and reference is here made to the opinion upon the former appeal for a more particular statement of the testimony of said witnesses and the contents of the bill of sale. A verdict was returned, and judgment rendered in favor of the plaintiff, and the defendant appeals.

[1] The first two assignments of error present the proposition that the cause of action asserted in the second amended petition upon which the suit was tried was barred by the two-year statute of limitation, because such petition was filed more than two years after the accrual of the cause of action. The assignments are predicated upon the theory that the cause of action asserted in the trial amendment is a different cause of action from that set up in the original petition, and is therefore barred. The facts pleaded in the original petition set up that the plaintiff was the owner of the goats, their delivery to Mitchell to be driven to Alpine, and their subsequent seizure under the sequestration proceedings in the district court of Brewster county and replevy thereof by appellant. The facts pleaded in the original petition and

second amended one are substantially the same, and the same cause of action is plainly set up in both, for which reason there is no merit in the contention that the cause of action is barred by limitation; the original petition having been filed within the two-year period. Lumber Co. v. Water Co., 94 Tex. 462, 61 S. W. 707; Texas & N. O. Ry. Co. v. Patterson & Roberts, 192 S. W. 587; Exporters & Traders Co. v. Wills, 204 S. W. 1056; Parlin & Orndorff v. Glover, 45 Tex. Civ. App. 93, 99 S. W. 593; T. & N. O. Ry. Co. v. McDonald, 56 Tex. Civ. App. 34, 120 S. W. 495; Wilks v. Kreis, 63 Tex. Civ. App. 527, 134 S. W. 838; Ripy v. Less, 55 Tex. Civ. App. 492, 118 S. W. 1085.

The third assignment presented as a proposition is as follows:

"The court erred in refusing to give defendants' special charge No. 2, which reads as follows: 'At the request of the defendants I give you the following special charge as the law of this case in connection with the main charge: The delivery of personal property by the seller to the buyer carries the title to the property if there nothing remains to be done by the seller after the delivery is made, unless a reservation of title is retained by the seller at the time of delivery and not afterward'—because a reservation of title on personal property is void unless a lien is reserved by an instrument in writing, duly registered, and the verbal understanding that no title is to pass must be made at the time of delivery, and not afterwards, as shown by bill of exception No. 2."

[2] This assignment presents no error, for the reason that the charge of the court sufficiently submitted that phase of the case relating to the delivery of the goats to Mitchell upon the agreement that title was not to pass until he had paid the purchase price to Crawford. Furthermore, the evidence in this case does not present or raise the issue of a reservation of title as security for the purchase money under article 5654, R. S. The testimony shows a delivery to Mitchell upon the express understanding that title should not pass until payment had been made, and article 5654 has no application. Machine Co. v. Brown, 82 Tex. 469, 17 S. W. 715; Bank v. Gullett Gin Co., 48 S. W. 627; Lang v. Rickmers, 70 Tex. 108, 7 S. W. 527, and others cases cited in the opinion upon former appeal of this case.

The fourth assignment is as follows:

"The court erred in refusing to give defendants' special charge No. 4, which reads as follows: 'At the request of the defendants I give you the following special charge as the law of this case in connection with the main charge: If you believe from the evidence that the goats involved in this suit were taken from the ranch of Bartola Garcia, in Mexico, by Rosalio Hernandez, by any unlawful means among which are theft, robbery, and confiscation, and that the goats involved in this suit are the same goats, and their increase, or their increase, then you will return a verdict for the defendants'— because the undisputed testimony shows that the goats of the defendants were taken from the defendants' ranch by Rosalio Hernandez, and that plaintiff, Felis Hernandez, had charge of them, as shown by bill of exception No. 4."

[3-5] This charge was properly refused because the undisputed evidence does not show that the goats in controversy were taken from defendants' ranch by Rosalio Hernandez. Furthermore, the charge is upon the weight of the evidence, as it intimates that the goats in controversy were unlawfully taken from the ranch of Bartola Garcia by Rosalio Hernandez. Furthermore, the issue upon this phase of the case was sufficiently submitted in the general charge of the court.

[6] Under the fifth assignment it is contended that a special charge, given at the request of the plaintiff, was upon the weight of the evidence. No objection of this nature was urged against the charge in the lower court, and it cannot be raised in this court for the first time. Acts of 1913 (Reg. Sess.) chap. 59, p. 113 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1984A, 1954, 1970, 1971, 1973, 1974, 2061).

[7] The sixth assignment complains of the measure of damage given by the court in its main charge. The court instructed, in the event of a finding favorable to the plaintiff, to allow him the reasonable market value of the goats at the time and place of their seizure under the writ of sequestration, with 6 per cent. interest on such amount from said date to the time of trial. This was the correct measure of damage. Railway Co. v. Neches Iron Works, 57 Tex. Civ. App. 249, 122 S. W. 64.

[8, 9] Under the last assignment the sufficiency of the evidence to support the judgment is questioned, the first proposition advanced being that parol contemporaneous evidence is inadmissible to vary or contradict the terms of a written instrument. As an abstract proposition of law, this is correct, but its application is not apparent. The bill of sale for the goats was never delivered to Mitchell, and under the authorities heretofore cited it was competent to show that it was the intention of the parties that title to the goats should not pass to Mitchell at the time the animals were delivered to him. The other proposition is that the verdict is contrary to the overwhelming preponderance of the evidence. The plaintiff in the case directly and unequivocally testified that these goats were raised by him and his family in Mexico and were his property. It was the province of the jury to believe his testimony, and this court would not be warranted in setting aside its finding in his favor.

Finding no error, the judgment is affirmed.