## CITY OF CORPUS CHRISTI v. McMURREY et ux.

### No. 10742.

Court of Civil Appeals of Texas. San Antonio.

Nov. 13, 1940.

Rehearing Denied Dec. 11, 1940.

Kleberg, Eckhardt & Lowe, R. B. King, and Dean B. Kirkham, all of Corpus Christi, and C. Burt Potter, of Sinton, for appellant.

W. B. Moss, of Sinton, Minor W. Pitts, Jr., of Corpus Christi, and Lawther, Cramer, Perry & Johnson, of Dallas, for appellees.

SMITH, Chief Justice.

This is the third appeal in the case, the first upon a question of venue (Tex.Civ. App., 90 S.W.2d 868), and the second on the merits (Tex.Civ.App., 109 S.W.2d 366). Reference is here made to those reports for more detailed facts and issues of the controversy.

In the original disposition we held that although several irregularities as well as

some positive errors occurred upon the trial, they, separately, did not require reversal, and upon that conclusion we ordered affirmance. After an exhaustive re-examination of the record, we have become convinced that, after all, the assigned errors are so many and of such nature that the judgment cannot properly be affirmed. We need point out only a few of those errors, the others being such as need not occur again.

The parties agree upon the facts that in 1928 the City of Corpus Christi built a dam across the Nueces River in San Patricio County in connection with its city water system; that on September 26, 1930, J. M. McMurrey bought a tract of 113 acres of land lying along the east bank of the river, a short distance below the dam; that the dam broke on November 23, 1930, and was rebuilt by the City in 1933 and 1934, forming a lake above the McMurrey land; that in working out its plans the City moved the channel of the river a distance of several hundred yards.

In 1936 McMurrey brought this suit against the City to recover damages for loss of crops and permanent injury to land alleged to have been sustained by him by reason of overflows occasioned by the acts of the City in diverting flood waters across his land as a result of the change in the river channel, and negligent construction and operation of the flood gates in the dam.

The case was tried and submitted to a jury upon special issues, on the answers to which judgment was rendered in favor of McMurrey for damages for loss of crops and permanent injury to land, as prayed for. The City has appealed.

■ The jury found, specifically in separate issues, that the defendant "diverted the natural flow of the waters of the" river "in such a manner as to" (1) destroy plaintiff's crops on July 7, 1932, and (2) September 15, 1932, and (3) as to "permanently damage" plaintiff's land in the year 1935. In submitting those ultimate issues the court did not inquire of the jury, by connected subsidiary questions, if the damages inquired about were proximately caused by the diversion, as is the more frequent and better practice. But the court did submit the issue of proximate cause at another place in the charge, tying it by reference to the ultimate issues previously submitted. Defendant complains of this arrangement of the submission, whereby the subsidiary issue was separated, by intervening questions, from the ultimate issue. The law does not prescribe a rigid form of submission, but leaves that, as it should, to the sound discretion of the trial judge, to be exercised according to the requirements of each case, subject to revision in case of abuse of discretion. Hidalgo County Water Control & Imp. District v. Peter, Tex.Com.App., 37 S.W.2d 133. In this case, however, we suggest that upon another trial the several subsidiary issues of proximate cause be submitted in their appropriate positions with reference to the specific acts to which they relate respectively.

■ We overrule defendant's second proposition in which it complains of the refusal of the trial judge to submit an issue of unavoidable accident. This is not a case involving that issue, and in the statement under this proposition defendant does not attempt to present any evidence or circumstance authorizing its submission.

In its third proposition defendant asserts, and complains of the fact asserted, that the trial judge submitted the case on the assumption that defendant did in fact divert the waters of Nueces River onto plaintiff's land, and refused to submit that issue separately. No doubt upon a resubmission this question will be eliminated from the case, and we refrain from deciding it here. The same may be said of defendant's propositions five, nine and eleven.

■ Defendant complains in its fourth proposition because the trial judge, after defining the term "reasonable market value", instructed the jury that: "In connection with finding the reasonable market value, if any, of the crops, if any, mentioned in this charge, you will take into consideration the reasonable yield that such crops, if any, would have made had such crops been permitted to continue their growth, and the reasonable cost of additional labor and expense necessary in cultivation and harvesting of such crops for market." Defendant's objection is that by this instruction the trial judge directed, or authorized, the jury, in awarding damages, to add to the value of the crops destroyed the expense of producing and marketing, whereas, the jury should have been instructed to deduct that amount from the value of the destroyed crop. It is true, of course, that the expense of making and selling the crop should be deducted from the value of the crop in arriving at the amount of damages to be

awarded in such cases, and the court in this case should have so instructed the jury. No doubt this will be done upon another trial.

■ In addition to damages for permanent injury to plaintiff's land, the jury found damages for him on account of injury to his crops from floods in the years intervening between the erection of the dam in 1932 and the permanent injury to the land in 1935. Judgment was rendered for plaintiff for the damages for injury to his crops as well as to his land, and defendant complains of this on the ground that it amounts to double recovery. We overrule the contention as presented in defendant's seventh proposition. Plaintiff was entitled to damages both for permanent injury to his land and for intervening injury to crops grown thereon, although he cannot recover for future crop damage. Austin & Northwestern Ry. v. Anderson, 79 Tex. 427, 15 S.W. 484, 23 Am.St.Rep. 350.

■ In connection with the several special issues of damage to crops the trial judge gave the jury a lengthy and involved instruction purely in the nature of a general charge. This was error. The rule is that the giving of such instruction constitutes error, and requires reversal unless, indeed, it affirmatively appears from the record to have been harmless. Texas & N. O. Ry. v. Crow, 132 Tex. 465, 123 S.W.2d 649; Guthrie v. Oil Co., 132 Tex. 180, 122 S.W.2d 1049; Stokes v. Snyder, Tex.Com.App., 55 S.W.2d 557; Humble Oil & Ref. Co. v. McLean, Tex.Com.App., 280 S.W. 557; Powell Salt Water Co. v. Bigham, Tex.Civ.App., 69 S.W.2d 788, 789; Quanah, etc., Ry. v. Eblen, Tex.Civ.App., 55 S.W.2d 1060; Saltmount Oil Corp. v. Imperial Corp., Tex.Civ.App., 98 S.W.2d 418.

■ In its tenth proposition defendant complains of the judgment wherein interest was allowed as damages on the amounts awarded plaintiff for damage to his crops from the dates of the injuries, in the absence of any pleading to support the award of interest. The proposition must be sustained. It is elemental that interest may not be recovered as damages except when pleaded. Here there was no pleading or prayer for interest in addition to damages for injury to the crops, and the court erred in including such item in the judgment against defendant.

In the deed by which the land involved was conveyed to plaintiff, two years before the dam in question was constructed, the consideration was stated to be $65 per acre. This deed was placed in evidence, including the recitation of the consideration, and, besides, plaintiff was permitted to testify that he paid $65 per acre for the land. That recitation in the deed and the parol testimony were admitted over defendant's objection, as stated in its twelfth proposition, "that it was calculated to cause the jury to believe that they could base their finding of market value on the recitation of purchase price contained therein, and could take into consideration the purchase price of the land in arriving at such market value."

■ It appears from the record that the objectionable evidence was admitted with the reservation that it could not be considered by the jury in determining the market value of plaintiff's land in finding the damage thereto. This reservation was in our opinion sufficient to meet the very objection made by defendant, and to neutralize whatever injurious effect defendant feared it might have upon its case. Moreover, in view of undisputed evidence in the case as to the nearness of time when plaintiff paid the stated price for the land, and that its market value was the same then as it was when the dam was built, we refrain from holding that the evidence of the price plaintiff paid for the land was inadmissible. For, while it is true that the price paid is by no means conclusive of market value, yet it has been held to be an element of value to be considered along with other competent evidence in arriving at true market value. 20 Am.Jur. p. 340, sec. 373; 10 R.C.L. p. 955, sec. 128; St. Louis, B. & M. Ry. v. Green, Tex.Civ.App., 183 S.W. 829; Id., Tex.Civ.App., 196 S.W. 555. It is loosely stated in some of the cases that "the price paid for land is not evidence of its market value," or words to that effect. 17 Tex.Jur. p. 442, sec. 164; Central State Bank v. Henderson, Tex.Civ.App., 286 S.W. 518; Wichita Falls & W. Ry. v. Wyrick, Tex. Civ.App., 147 S.W. 730; Texarkana & Ft. S. Ry. v. Neches Iron Works, 57 Tex.Civ. App. 249, 122 S.W. 64. But the situations evoking such expressions are so different from the case made here that the cited cases are of no value in deciding this case. This is true of all the cases cited to the point by defendant, whose twelfth proposition is accordingly overruled.

In its propositions 13, 14 and 15, defendant complains of side-bar remarks made by

adverse counsel during the trial. It is not deemed necessary to pass upon the question, in view of another trial.

In its propositions 16, 17, 18 and 19, defendant complains of the admission of the testimony of one Algea, on cross-examination, that he sold the land in controversy in 1927 for $80 an acre, and of the conduct of plaintiff's counsel in referring to that testimony in their argument to the jury. Without setting out these transactions at length, we express the conclusion that the testimony was properly adduced by way of impeachment of the witness, to which purpose the testimony, as well as the remarks of counsel thereon, was emphatically and repeatedly limited by the trial judge. We hold that the propositions do not present reversible error, and overrule them accordingly.

Defendant complains in its twentieth proposition of a leading question propounded to plaintiff by an intervener in the case. The question was leading in its nature, but as it elicited only a fact already established, and could not possibly have harmed defendant, the proposition will be overruled.

The jury found that plaintiff's land was permanently damaged in July, 1935, by overflow of water diverted from its natural channel, the river, as a proximate result of the act of the City in obstructing the normal flow of the river in March, 1932. In other words, the act of the City in damming the river in 1932 was the proximate cause of the permanent injury to plaintiff's land in 1935, entitling him to his damages. In submitting the case to the jury the court in effect fixed the measure of damages (for permanent injury) at the difference between the market value of the land immediately before the erection of the alleged obstruction in 1932 and its market value immediately after the injury occasioned by the overflow in 1935. The City complains of this instruction, contending that the true measure is the difference between the market value immediately before the actual infliction of the injury in 1935, and the market value immediately thereafter. We overrule this contention, propounded in appellant's twenty-first proposition. The true measure in cases of damages to land from overflow from diverted waters, stated generally, is the difference between the market value of the land immediately before and immediately after the injury, and this rule applies, specifically, to cases where the injury is coincident in time with the act proximately causing it. 13 Tex.Jur. 160, sec. 73; Trinity & S. Ry. Co. v. Schofield, 72 Tex. 496, 10 S.W. 575; Ft. Worth & D. C. Ry. Co. v. Hogsett, 67 Tex. 685, 4 S.W. 365; Lone Star Gas Co. v. Hutton, Tex.Com.App., 58 S.W.2d 19; Hall's Bayou Realty Corp. v. James, Tex. Civ.App., 107 S.W.2d 1113.

But in cases like this, where the actual injury does not concur in time with the commission of the act from which it flows, but occurs thereafter, the act not being a trespass upon the complainant's premises, the true measure seems to be the "difference in value of the land at the erection of the" obstruction "and its present value," or its value at the time of the actual injury, "in the absence of any evidence that the value of said land has been changed or diminished by other causes:" Owens v. Missouri Pac. Ry. Co., 67 Tex. 679, 4 S.W. 593, 594; Houston Water-Works Co. v. Kennedy, 70 Tex. 233, 8 S.W. 36; Hall's Bayou Realty Corp. v. James, supra; Nuckolls v. Powell, Tex.Civ.App., 90 S.W. 933; Houston & T. C. Ry. v. Lensing, Tex.Civ. App., 75 S.W. 826; Southwestern Portland Cement Co. v. Kezer, Tex.Civ.App., 174 S.W. 661.

In view of another trial, we suggest that it has not been made clear in the presentation just what act or acts caused the alleged permanent injury to plaintiff's land, or just when those acts occurred. The original dam was built in 1928; it broke, was rebuilt; defendant cut a new channel for the river; floods are alleged to have occurred at various times; the value of the land may or may not have been affected by general or other conditions. The relation of these several events and facts to the several alleged elements of damage should be more clearly disclosed in the presentation in this Court upon another appeal, if any, if not upon another trial de novo, and upon that trial the measure of damages should be submitted upon the record then made.

The judgment is reversed and the cause will be remanded at the cost of appellee. This opinion will be substituted in lieu of the original, which will be withdrawn.