Dorothy Margaret Nye RICHARDSON,
Appellant,

v.

Charles H. RICHARDSON, Appellee.

No. 12742.

Court of Civil Appeals of Texas.

Galveston.

July 22, 1954.

Rehearing Denied Oct. 7, 1954.

Buck C. Miller, Houston, for appellant.

Robert A. Scardino, Houston, Scardino & Regnier, Houston, counsel, for appellee.

HAMBLEN, Chief Justice.

This is a divorce suit instituted in the District Court of Harris County by appellee, the former husband of appellant. In addition to a divorce, appellee sought approval by the trial court of a partition agreement alleged to have been entered into between the parties after separation and in contemplation of divorce. After suit was filed, but before appearance day, appellant filed an answer and cross action in which she alleged that the partition agreement was wholly unfair, unjust and inequitable, and asked that it be set aside and that the court partition the community properties owned by the parties. Trial was before the court without a jury. Judgment was entered granting the divorce as prayed for, and approving the partition agreement. This appeal is only from that portion of the judgment which approves the partition agreement.

The agreement which is here attacked, provided that appellant was to receive as her share of the community property, a 1949 Ford automobile, all personal belongings, and the sum of $6,000 to be paid to her by appellee in monthly installments of $100 each. Appellee was to receive real estate located in the City of Houston. Appellee, as a part of the agreement, assumed the payment of all outstanding community indebtedness, including two notes, one in the sum of $1,500, and one in the sum of $4,000, both payable to W. B. Nye, father of appellant.

In support of the judgment approving such agreement, the trial court found as a fact that the real property which appellee received, was of a reasonable value of between $42,000 and $46,000, and that the community indebtedness assumed by appellee was approximately $30,000, leaving a net estate of approximately $12,000 to $16,000. Of this estate, the court found that appellant received $6,000, plus an automobile valued at approximately $1,000. The court concluded that the partition agreement was fair, just and equitable, and accordingly entered the judgment approving the same.

This judgment is attacked by appellant in twelve points of error, by which, in essence, she asserts that the judgment is so against and contrary to the overwhelming weight and preponderance of the evidence, as to be manifestly wrong. In addition, appellant complains of the failure on the part of the trial court to make certain requested findings of fact, which, she contends, are compelled by the record, and which, if made, would require the entry of judgment in her favor. After carefully reviewing the record, here presented, this Court concludes that none of the points asserted by appellant present error which would require a reversal of the judgment rendered, and they are, therefore, overruled.

No contention is made by appellant that the agreement which she attacks was not legally entered into, or that any fraud or deceit was practiced by appellee which induced her to execute it. Her complaint is limited to the proposition that the net community estate owned by the litigants was of a value greatly exceeding that found by the trial court, and that the portion thereof which she admittedly received did not represent a fair and equitable partition as between the parties. We find that the trial court's finding that the real estate received by appellee was valued at from $42,000 to $46,000, is amply supported by the testimony of a qualified real estate appraiser who testified to that value. That testimony is in fact the most competent testimony which the record reflects, from which any finding could be

made. The much higher purchase price, upon which appellant relies, is but a circumstance which may be considered as proof of value. City of Corpus Christi v. McMurrey, Tex.Civ.App., 145 S.W.2d 664. The trial court, as the trier of the facts, upon a question thus in dispute, was entitled to accept the testimony of the expert witness, and reject any evidence in conflict, especially when the conflicting evidence was circumstantial only. Similar reasoning supports the finding that the indebtedness assumed by appellee amounted to approximately $30,000. The appellee so testified. Proof by appellant of the high income derived from the property over a course of time, while it might give rise to the belief that the indebtedness could have been reduced below the figure testified to, does not compel the conclusion that it was in fact less than $30,000. The evidence appears to this Court to amply support the trial court's finding that the net estate to be partitioned was of a value of from $12,000 to $16,000. The undisputed fact that appellant received property valued at $7,000 as her interest therein supports the conclusion that the agreement was fair, just and equitable.

 Appellant complains of the failure of the trial court to make the requested finding that appellee had breached the agreement. The evidence shows that appellee agreed to pay $1,500 together with 5% interest to W. B. Nye within sixty days. When demand for payment was made, appellee paid the principal sum of $1,500, but refused to pay interest. It is this breach upon which appellant relies. As this Court sees the matter, even if these facts constitute a breach, they give rise to no equities in appellant's favor. Appellant also complains of the failure of the court to make certain requested findings as to what property appellee owned as his separate property, and that there had been a commingling of separate and community properties. The record clearly reflects that the partition was made and approved upon the assumption that all of the properties owned by appellee were community, so that the fact, which appellant requested the court to find, would in no manner show that the agreement was not fair, just or equitable.

 Appellant further complains of the finding by the trial court to the effect that the real estate had been sold to a third party. Inasmuch as the partition appears to be fair, just and equitable, the validity of any purported transfer of appellee's portion of the property is entirely immaterial, and the finding, consequently immaterial, whether or not the evidence supports it.

These conclusions require that the judgment of the trial court be affirmed.

Affirmed.